OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was charged in an indictment with the crimes of issuing a false certificate (Penal Law, § 175.40) and official misconduct (Penal Law, § 195.00). In a joint decision and order, Trial Term listed five issues presented for determination, one of which was whether the interests of justice required dismissal of the indictment. It found the evidence of *266 felonious intent presented to the Grand Jury insufficient to sustain the indictment. Dispositive as this ground was, that court nonetheless spoke to defendant’s request for a dismissal in the interest of justice. In the body of its rather lengthy writing, Trial Term found that "[tjhese interest-of-justice considerations by themselves, of course, would obviously not provide sufficient basis for dismissal of this indictment. Coupled with the evidentiary considerations discussed above, however, they do contribute to the Court’s ultimate judgment in this matter.” At the end of its decision-order, under a heading entitled "Conclusion”, the court directed that "for the various legal reasons given, and in the interest of justice, the indictment herein is hereby dismissed.” The Appellate Division unanimously affirmed this order.
Read as a whole, the decision-order of Trial Term unequivocally dismissed the instant indictment in the interest of justice. The court’s discussion in the body of the decision, rather than indicating that the interest-of-justice ground was not considered sufficient, merely reveals the reasoning behind this discretionary dismissal. Various interest-of-justice considerations, together with the dubious nature of the Special Prosecutor’s case, prompted the court to exercise its discretion and dismiss in the interest of justice. Nothing prohibited the court from basing such a dismissal in part upon interest-of-justice factors and in part upon the weakness of the case on the merits (see CPL 210.40). Any doubt as to whether Trial Term dismissed in the interest of justice is resolved by reference to the decretal sentence in the conclusion of its decision-order: "for the various legal reasons given, and in the interest of justice, the indictment herein is hereby dismissed” (emphasis added).
To say that Trial Term did not rely exclusively upon interest-of-justice considerations is not to say that the court did not dismiss in the interest of justice (cf. People v Beige, 41 NY2d 60, 61-62). Indeed, in the determination of a motion for dismissal of an indictment as being in furtherance of justice and in the exercise of a court’s discretion, one of the factors to be considered is the evidence of guilt (see People v Clayton, 41 AD2d 204, 207-208; Supplementary Practice Commentary by Bellacosa, McKinney’s Cons Laws of NY, Book 11A, CPL 210.40, 1977-1978 Supp, pp 131-132). A motion for dismissal under CPL 210.40 is not made in a vacuum, isolated from all else; rather, a ruling thereon is based upon the "totality of all *267 the circumstances in [the] particular case” (see People v Collier, 85 Misc 2d 529, 566, McQuillan, J.).
If we were to reach the merits, we would agree with the analysis of Judge Jones relating thereto and would affirm on that ground as well.
Inasmuch as Trial Term dismissed the indictment in the interest of justice, and the Appellate Division affirmed, however, the order before us is nonreviewable absent an abuse of discretion (People v Belge, 41 NY2d 60, 61-62, supra). Finding none, we are constrained to affirm.