■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILLERD SHANNON, Also Known as MILLARD SHANNON, Appellant.—Appeal from a judgment of the Supreme Court, New York County (Edith Miller, J.), rendered January 31, 1985, which convicted defendant, after jury trial, of criminal possession of a weapon in the third degree and sentenced him to a prison term of 3½ to 7 years, held in abeyance, and the matter remanded to the trial court for a hearing and determination of defendant's speedy trial claim consistent with the memorandum decision herewith.

The defendant was arrested for illegal gun possession on February 24, 1983 and was arraigned on the following day. The subsequent indictment charging him with criminal possession of a weapon in the third degree was filed on March 16, 1983. On April 8, 1983, defendant appeared in court without an attorney, and the case was adjourned until April 25, 1983, to enable him to obtain counsel. When defendant failed to appear on the adjourned date, a bench warrant was issued. However, the defendant returned to court voluntarily, four days later, and entered a plea of not guilty to the indictment. He again failed to appear on the next scheduled court date of May 9th but instead came in a week later, on May 16th, at which time the case was adjourned to June 2, 1983. Upon his failure to appear on that date, a bench warrant was again issued. It appears that defendant absconded at this time and did not appear again until he was returned on the warrant on March 29, 1984 as a result of his arrest, under another name, in Kings County, on February 4, 1984.

After several adjournments, due in part to completion of pretrial activities and the engagement of defense counsel, the People announced their readiness for trial on June 19, 1984. On August 30, 1984, defendant moved under CPL 210.20 (1) (g) to dismiss the indictment pursuant to CPL 30.30, asserting a violation of his speedy trial rights, and a hearing was directed on the issues raised by the motion.

The two-day hearing, at which three witnesses testified, was primarily focused on the period between June 2, 1983, when defendant absconded, and March 29, 1984, when he was

involuntarily returned on the warrant. The testimony centered on the defendant's activities during that period and the diligence of the People's efforts to locate him after the warrant was issued.

At the conclusion of the hearing, the court set forth detailed chronological factual determinations on both issues and, by virtue thereof, concluded: (1) that defendant had left this jurisdiction, traveling through at least three States and concealing his location and using aliases to conceal his identity, in order to avoid prosecution in this case, and (2) that the People had exercised due diligence in attempting to locate defendant during that period. Based on these conclusions, the court held that "all the time between the defendant's voluntary absence from the jurisdiction to his involuntary return is excludable time".

While some evidence was presented on the procedural course of the case subsequent to defendant's involuntary return on March 29, 1984, it was accorded minimal significance since the court held that once the People, in good faith, announced their readiness for trial on June 19, 1984, their obligation under CPL 30.30 was satisfied, relying upon *People v Giordano* (56 NY2d 524), and the then widely held view of its import—i.e., that any postreadiness delays, whatever their reason, would provide no basis for dismissal pursuant to CPL 30.30. After excluding the entire period during which defendant was found to have absconded (June 2, 1983 to March 29, 1984), and eliminating any consideration of the postreadiness period (from June 19, 1984 onward), the court denied the speedy trial motion because it found, without particularization, that "[a]s of June 19th, 1984, only one hundred and sixteen days were found to be chargeable to the People". No specific findings are set forth to indicate either what periods this total figure covers or how the court arrived at this total, nor does the record contain any specifics with respect to the People's responsibility, or lack thereof, for any particular segments of time, either prior to June 2, 1983, when defendant absconded, or between March 29, 1984, when he was returned, and June 19, 1984, when the People answered ready. It is clear that no such definitive inquiry was pursued, or deemed necessary, because the time frame in issue was thought to extend no further than the date when the People answered ready and within that circumscribed framework denial of the motion was presaged even if the People were to be charged with every day of the periods not precluded by

reason of defendant's having absconded—i.e., February 25, 1983 to June 2, 1983 and March 29, 1984 to June 19, 1984.

On this appeal defendant vigorously contests the hearing court's determinations (1) to exclude the entire period during which defendant was "absent" and failed to appear; and (2) not to consider, at all, for CPL 30.30 purposes the period after the People answered ready.

We find no merit to defendant's first contention. A review of the record makes clear that the period from June 2, 1983 to March 29, 1984 was properly excluded. The evidence strongly supports the hearing court's findings that defendant's absence was due to his intensive efforts to avoid apprehension and prosecution for the crime charged herein, both by fleeing to distant States including California and Minnesota and by using various aliases, and that the People could not locate him despite their duly diligent efforts to do so, which efforts included personal visits by an officer to defendant's last known addresses and to his brother's home and by searching inquiries as to his whereabouts directed to persons present at those premises and at his listed place of employment, all to no avail (CPL 30.30 [4] [c]). Defendant's conduct directly caused the delay in the People's readiness during this time frame and we fully agree with the hearing court's analysis leading to the conclusion that the entire period should be excluded. *(See, e.g., People v Rivera,* 106 AD2d 278.)

Defendant's argument with regard to the applicability of CPL 30.30 to postreadiness delay is, however, as conceded by the People, well taken. Relying on the view of *People v Giordano (supra),* which generally prevailed at the time of the hearing, the court did not consider this period at all with reference to the speedy trial claim, and the People presented no significant proof as to their state of readiness during that time frame. *People v Anderson* (66 NY2d 529 [decided after the instant case was heard at Trial Term]) clarified the rules which are applicable when a defendant moves for dismissal on speedy trial grounds after the People have answered ready. Contrary to the position taken by the Trial Term, delays attributable to the People subsequent to their announcement of readiness are to be counted and the time period of such delays is to be added to that of People's prereadiness delays to determine whether the total period of the delay exceeds the six months allowed by CPL 30.30 (1) (a), in the case of a felony. The significant distinction with respect to postreadiness delays is that they are to be governed by CPL 30.30 (3) (b) and, in that context, it is the People's delay alone that is to be

considered except where that delay directly "results from" action taken by the defendant. *(People v Anderson, supra,* at 534-537; *People v Jones,* 68 NY2d 717.)

It is clear that the precise number of days of delay chargeable to the People, both before and after their announcement of readiness, is critical to a determination of whether the permissible CPL 30.30 period has been exceeded. As indicated, the hearing court here made no specific findings as to the particular segments of time chargeable to the People during the relevant prereadiness periods (i.e., from February 25, 1983, when the felony complaint was filed, until June 2, 1983, when defendant absconded, and from March 29, 1984, when defendant was returned, until June 19, 1984, when the People answered ready). The court merely rendered a conclusory statement as to the total number of days chargeable to the People. A review of the record, even in its limited posture, indicates that this total may include time periods that are properly excludable. Moreover, since the focus of the hearing was almost exclusively directed to the period during which plaintiff had absconded, relevant evidence available on the delay issue for the other time periods appears not to have been submitted. In addition, as already noted, no consideration at all was given to the postreadiness period, nor was an opportunity afforded for the submission of evidence regarding that time frame. The record in its present state is inadequate to permit a proper factual determination of the total length of time, both pre and postreadiness, attributable to delays by the People and a remand is necessary to allow the submission of additional evidence on that issue for all periods other than the time during which defendant absconded, which we find was properly excluded.

Accordingly, the appeal is held in abeyance and the matter is remanded to the trial court for further hearing and for specific findings as to the precise dates chargeable to the People's delays and, based thereon, a determination as to whether the total period of those delays exceeds the permissible period allowed by CPL 30.30 (1) (a). *(Cf., People v Crew,* 121 AD2d 921; *see also, People v Santos,* 68 NY2d 859.) Concur—Sandler, J. P., Sullivan, Ellerin and Wallach, JJ.