■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT HILTON, Appellant.—Judgment of the Supreme Court, New York County (Alvin Schlesinger, J., at trial and sentence; George Roberts, J., at speedy trial hearing), rendered on September 18, 1985, which sentenced defendant-appellant as a predicate felon to a term of imprisonment of 4 to 8 years upon a conviction after a jury trial of assault in the first degree (Penal Law § 120.10), unanimously reversed, on the law, the conviction vacated, and the indictment dismissed.

We reverse on the basis that defendant-appellant's speedy trial trial motion should have been granted. The assault conviction stems from a crime that was committed on Novem-

ber 16, 1973. Defendant was duly arraigned and the People announced their readiness for trial on October 7, 1974. Defendant received an adjournment to November 4, 1974, at which time he appeared but absconded after leaving the courtroom ostensibly to make a telephone call. The court issued a bench warrant and then a violation of parole warrant dated November 8, 1974.

In September 1982, defendant was arrested in North Carolina on local charges and he was subsequently returned to New York and detained in Queensboro Correctional Facility on October 8, 1982. Defendant's parole was subsequently revoked after a hearing on December 28, 1982, and he was remanded to Attica Correctional Facility until his release on parole on August 1, 1983.

After defendant was arrested for driving while intoxicated in 1984 in Suffolk County, inquiry by the Sheriff turned up the outstanding 1974 bench warrant, and defendant was returned to New York County for trial. On January 17, 1985, defendant moved to dismiss the indictment on speedy trial grounds. By order dated April 3, 1985, the court (George Roberts, J.) denied the motion without a hearing on the ground that the People had answered ready for trial on October 7, 1974, before the expiration of six months of includable time.

The People concede that the court did not consider postreadiness delay inasmuch as the motion was decided prior to *People v Anderson* (66 NY2d 529), which decision we find determinative. Under the circumstances of this case, in that defendant was incarcerated in the State for a 10-month period and was at liberty in the State for another 15 months thereafter, the People concede that, were a hearing conducted, the People would be unable to establish any "exceptional fact or circumstance" excusing their postreadiness delay. *(See, People v Zirpola,* 57 NY2d 706; *People v Shannon,* 128 AD2d 395.) Accordingly, the hearing is dispensed with upon the People's concession that they would be unable to meet their burden of proving that the delay in excess of six months was excludable. *(See, People v Lomax,* 50 NY2d 351.) Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.