■ MERRITT ASSOCIATES, INC., et al., Appellants-Respondents, v MARJORIE SCOLLARD, Respondent-Appellant.—Judgment, Supreme Court, Westchester County (Theodore Dachenhausen, Jr., J.), entered January 27, 1989, which, after bench trial, awarded plaintiffs $9,250 less defendant's legal fees of $7,000, less costs to defendant, for a net amount in plaintiffs' favor of $1,515, unanimously modified on the law and the facts, to the extent of vacating the award of legal fees and increasing the amount of the net judgment in plaintiffs' favor to $8,515, and the judgment is otherwise affirmed, without costs.

In October 1984, defendant executed plaintiff broker Merritt Associates, Inc.'s standard-form exclusive-right-to-sell agreement. Thereunder, defendant's property, a co-op townhouse, was to be offered for sale at a list price of $375,000 and the agent was entitled to a commission of 5% of the selling price. The terms "listing" and "selling" price were not defined in the agreement. It appears both parties were operating under the erroneous premise that the purchaser of the property would be required to assume a $142,000 mortgage. There was unrebutted expert testimony at trial that had that been the case, under the custom of the real estate brokerage trade, the amount of the assumable mortgage would have been included in the selling price upon which the 5% commission was to be calculated. However, defendant shareholder had no personal liability for the mortgage indebtedness; there was also unrebutted expert testimony at trial that, in such circumstances, the amount of the co-op's mortgage "applicable" to the unit was not considered in the real estate brokerage trade to be includable in the selling price upon which the 5% commission would be calculated. Plaintiffs procured a purchaser, who executed a contract to buy the unit for $185,000. At closing, plaintiffs refused defendant's offer to pay a commission of $9,250, 5% of $185,000. Plaintiffs have contended that the "selling" price was $327,000 with the $142,000 mortgage amount properly included under the parties' understanding at the time the brokerage agreement was entered into.

The Trial Justice properly rejected plaintiffs' contention. The brokerage agreement is ambiguous, failing to define either the crucial term "selling price" or spell out the treatment of the mortgage amount. Therefore, resort to expert testimony was appropriate. The determination is also fully

supported by invocation of the rule *"contra proferentem"* *(Graff v Billet,* 64 NY2d 899, 902). We find error, however, in the court's award of attorneys' fees to defendant in the absence of any contractual provision or statutory authorization for same *(Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1; *Plancher v Gladstein,* 143 AD2d 740). We have examined defendant's arguments raised on the cross appeal and find them to be without merit. Concur—Ross, J. P., Rosenberger, Ellerin and Wallach, JJ.