■ LORENZO ARMENDARIZ et al., Respondents, v TIRAMISU RESTAURANT, INC., Respondent. FINKELSTEIN, BORAH, SCHWARTZ, ALTSCHULER & GOLDSTEIN, P. C., Appellant.—Order, Appellate Term (Sandifer, Miller, JJ., McCooe, J. [dissenting]), entered October 23, 1989, affirming, to the extent appealed from, an order, Civil Court, New York County (Jay Stuart Dankberg, J.), entered April 26, 1989, which assessed costs against counsel for respondent-tenant, in the amount of $25, payable to the Clients' Security Fund, unanimously reversed, on the law and facts, and the order of the Civil Court vacated, without costs.

In the underlying action, a commercial summary non-payment proceeding brought by petitioners-landlords, Lorenzo Armendariz and Maria Armendariz, the appellant law firm, Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C. ("appellant"), represented respondent-tenant Tiramisu Restaurant, Inc. During the proceedings, the tenant brought a motion to dismiss pursuant to CPLR 3211 (a) (4), and the landlords cross-moved for consolidation with a prior non-payment proceeding between the parties. In its order denying the tenant's motion and granting the landlords' cross-motion, the Civil Court *sua sponte* raised the issue of each party having improperly included legal discussion in its supporting affirmations, a violation of Uniform Rules for Trial Courts (22 NYCRR) § 208.11 (b) (1).

As a sanction, the court assessed costs in the amount of $25 against appellant, who had previously been admonished about that particular practice, and $10 against petitioners' attorney, an apparent first offender, which sums were to be paid to the Clients' Security Fund. A divided Appellate Term affirmed, and we granted leave to appeal by order entered April 17, 1990.

Uniform Rules for Trial Courts § 208.11 (b) (1) provides, in pertinent part, as follows: "Affidavits shall be for a statement of the relevant facts, and briefs shall be for a statement of the relevant law." It is undisputed that counsel for both parties violated this court rule by including legal matter in affirmations, rather than limiting these papers to factual recitation. The circumstances presented, however, do not support an assessment of costs.

It is well-established that the awarding of costs is governed by statute or court rule, and that costs are generally awarded

to the prevailing party in a litigation. *(Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1; *Moskowitz v Wolchok,* 126 AD2d 463, 464; *see also,* CPLR 8103; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8103.01.) In the case at bar, neither statute nor court rule authorizes the assessment of costs, and the Clients' Security Fund is not a party to the litigation.

Although costs may be awarded for frivolous conduct pursuant to 22 NYCRR 130-1.1, enacted subsequent to the ruling in *Matter of A.G. Ship Maintenance Corp. v Lezak (supra),* no such conduct appears to have been involved here.

For these reasons, we reverse the order of the Appellate Term and vacate the assessment of costs imposed by the Civil Court. We note, however, that where an attorney violates court rules, deliberately flouts a court's directive, or engages in conduct intended to annoy, harass, delay, or otherwise obstruct the course of the judicial proceedings, the court may impose various sanctions, including the rejection of improperly drafted affidavits and/or the commencement of contempt or Departmental Disciplinary Committee proceedings. Concur —Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.