■ NEDJELKO STANISIC et al., Appellants, v SOHO LANDMARK ASSOCIATES et al., Defendants, DURABLE DRY WALL, INC., Respondent and Third-Party Plaintiff-Respondent, and JEMMAK GROUP, INC., et al., Respondents. CRAFT TAPING CORPORATION,

Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about April 26, 1990, which conditioned restoration of the case to the trial calendar upon plaintiffs' payment to defendants of costs and legal fees incurred in jury selection, and the order of said court, entered on or about October 1, 1990, which denied plaintiffs' motion to vacate the April 26, 1990 order, are reversed, on the law, and the matters remanded for a hearing in accordance with section 130-1.1 of the Rules of the Chief Administrator (22 NYCRR) without costs.

The trial court is without authority to impose costs and attorneys' fees in absence of statute or court rule (*Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1; *Armendariz v Tiramisu Rest.,* 170 AD2d 334; *Merritt Assocs. v Scollard,* 161 AD2d 502), and we note that the court specifically disclaimed reliance upon section 130-1.1 of the Rules of the Chief Administrator. The defendants and third-party litigants were required to endure seven days of jury selection, five years after the institution of the litigation, upon the representation of plaintiffs' former counsel that the case was ready to go to trial. Plaintiffs' determination to change attorneys and have the case marked off calendar on the day of trial resulted in a substantial waste of judicial resources as well as the time and effort of defendants' attorneys. Under such circumstances, the matter should be remanded for a hearing to determine whether or not either plaintiffs, their counsel, or both acted frivolously, within the meaning and intent of section 130-1.1 of the Rules of the Chief Administrator and to determine the appropriate allocation of such costs and attorneys' fees, in the event plaintiffs and/or their present or former counsel are determined to have engaged in such conduct. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.