■ The People of the State of New York, Appellant, v Paul Alston, Respondent. [594 NYS2d 37] —Order of the Supreme Court, New York County (Carol Berkman, J.), entered March 2, 1990, which dismissed the indictment against defendant, *sua sponte,* on the ground that the People failed to show why the indictment should not be vacated for violation of defendant's right to a speedy trial, unanimously affirmed.

On January 29, 1986, an indictment was filed charging defendant with two counts of criminal possession of a weapon in the third degree. Defendant was freed on bail and failed to appear for arraignment on February 14, 1986. Subsequently, on February 21, a bench warrant was issued.

In January 1990, the People learned that defendant had been incarcerated in Attica Correctional Facility since October 27, 1989. He had been arrested in Utica, New York on January 9, 1989 for criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the fourth degree. Defendant was produced in court on February 15, 1990, at which time it is not disputed that Supreme Court requested an updated NYSIID report in order to determine if CPL 30.30 speedy trial requirements might constitute a bar to prosecution of the action. On March 2, 1990, the court noted that the Assistant District Attorney had not furnished the requested report and confirmed with defendant that he had been incarcerated since January, 1989 under his own name. Expressing some impatience with the lack of cooperation on the part of the prosecution, the court dismissed the indictment on the ground that defendant had been deprived of the right to a speedy trial. The court indicated a willingness to hear reargument on the point and stayed its order for 30 days to permit the People to bring an appropriate motion. No motion was made and, on April 2, 1990, the People filed a notice of appeal.

The People's argument for reversal of the order of dismissal

is founded on the requirements of CPL 210.45 (1), which provides that a motion to dismiss an indictment "must be made in writing and upon reasonable notice to the people." They contend that the statutory procedural requirements should be strictly construed because "speedy trial questions are often complex, involving multiple calculations and requiring a keen degree of exactitude and rigorous scrutiny of the record."

Granting that dismissal of an indictment upon the court's own motion requires observance of the procedure set forth in CPL 210.45 *(People v Ramos,* 94 AD2d 708), the People were clearly on notice, as of February 15, 1990, that the court was contemplating dismissal of the indictment on speedy trial grounds. Moreover, the court's express invitation to submit papers on the question and the staying of its order for 30 days cannot be regarded as an unreasonable lack of notice. On an appeal from the dismissal of an indictment in the interest of justice (CPL 210.40), the standard of review is whether the dismissal constitutes an abuse of discretion *(People v Tyler,* 46 NY2d 264). We hold that under the circumstances of this case it does not.

The People's argument notwithstanding, there is nothing complex about speedy trial considerations applicable to the facts before us. It is well settled that failure to bring a defendant to trial is not excusable when the defendant is incarcerated within the State *(People v Winfrey,* 20 NY2d 138, 141). In direct contrast to *People v Sullivan* (142 AD2d 695), relied on by the People, the record before us is entirely sufficient to support dismissal, especially in the face of the People's failure, despite repeated exhortations, to set forth any excuse for the delay *(see, People v Hilton,* 151 AD2d 364). Finally, the failure to comply with Supreme Court's specific requests is a discourtesy to the court and an imposition on the court's prerogative to control its calendar and expeditiously dispose of the volume of cases before it. Concur—Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.