OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed on the law, upon re-argument, the branch of defendant’s motion seeking to dismiss the count of the information charging him with driving while ability impaired denied, information reinstated to the extent that it charged defendant with driving while ability impaired, and matter remanded to the court below for all further proceedings thereon.
Defendant was charged in an information with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), a misdemeanor, driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), a misdemeanor, and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction. He subsequently moved to dismiss the information pursuant to CPL 30.30 (1) (b) on the ground that he was denied his statutory right to a speedy trial. The court granted defendant’s motion to dismiss the counts of driving while intoxicated per se and driving while intoxicated pursuant to CPL 30.30 and, sua sponte, dismissed the count of driving while ability impaired on the ground that defendant’s constitutional right to a speedy trial was violated (CPL 30.20). Thereafter, the People moved for reargument, and, upon granting the People’s motion for reargument, the court below adhered to its prior decision. The People appeal from so much of said order as, upon granting their motion for reargument, adhered to so much of the prior decision as dismissed the count of the information charging defendant with driving while ability impaired.
It is well settled that CPL 30.30 does not apply to traffic infractions (see People v Gordon, 2 Misc 3d 134[A], 2004 NY Slip Op 50190[U] [App Term, 9th & 10th Jud Dists 2004]; People v Taylor, 189 Misc 2d 313 [App Term, 9th & 10th Jud Dists 2001]). Although a defendant charged with a traffic infraction has a constitutional right to a speedy trial (see CPL 30.20; People v Gordon, 2 Misc 3d 134[A], 2004 NY Slip Op 50190DJ] [2004], *34 supra), in the instant case, defendant’s motion to dismiss did not address this issue. Inasmuch as the People were not put on notice that the court was contemplating dismissal of the information based on CPL 30.20 and were not afforded an opportunity to respond to this issue, the lower court improperly dismissed the count of the information charging defendant with driving while ability impaired based on said ground (see CPL 170.45, 210.45; People v Alston, 191 AD2d 176 [1993]; People v Clayton, 41 AD2d 204 [1973]; People v Kissel, 18 Misc 3d 126[A], 2007 NY Slip Op 52358[U] [App Term, 9th & 10th Jud Dists 2007]; People v Kozoriz, 15 Miscc 3d 141[A], 2007 NY Slip Op 51068[U] [App Term, 2d & 11th Jud Dists 2007]). Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant’s motion seeking to dismiss the count of the information charging defendant with driving while ability impaired is denied, and the charge of driving while ability impaired is reinstated.
Pesce, EJ., Weston Patterson and Golia, JJ., concur.