People v Powell (2022 NY Slip Op 22014)

People v Powell

2022 NY Slip Op 22014 [74 Misc 3d 50]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 23, 2022

[*1]

The People of the State of New York, Respondent,
v
Damien Powell, Appellant.

Supreme Court, Appellate Term, First Department, January 21, 2022

APPEARANCES OF COUNSEL

Legal Aid Society (Steven J. Miraglia of counsel) for appellant.

Alvin Bragg, District Attorney (Michael J. Yetter of counsel), 
for respondent.

{**74 Misc 3d at 51} OPINION OF THE COURT

Per Curiam.

Judgment of conviction (Gilbert C. Hong, J., at speedy trial motion; Felicia A. Mennin, J., at trial and sentencing), rendered February 29, 2016, affirmed.
Criminal Court properly denied defendant's CPL 30.30 motion with regard to the third-degree sexual abuse charge. That count of the accusatory instrument was converted to an information on February 17, 2015, and only 88 days of includable time elapsed through January 28, 2016. Although the accusatory instrument also contained a forcible touching count which was not converted until December 3, 2015, and ultimately dismissed on speedy trial grounds, this did not affect the People's readiness to proceed on the timely converted sexual abuse charge (see People v Terry, 225 AD2d 306, 307 [1996], lv denied 88 NY2d 886 [1996]; see also People v Proscia, 49 Misc 3d 127[A], 2015 NY Slip Op 51373[U] [App Term, 1st Dept 2015]; People v Naim, 46 Misc 3d 150[A], 2015 NY Slip Op 50270[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1137 [2016]). As Criminal Court properly recognized, the law then in effect provided that speedy trial analysis "must, as a matter of course, often involve distinct considerations with respect to individual counts of a single accusatory instrument" (People v Ausby, 46 Misc 3d 126[A], 2014 NY Slip Op 51763[U], *1 [App Term, 1st Dept 2014], lv denied 24 NY3d 1218 [2015] [internal quotation marks omitted]).
Although a 2019 amendment to CPL 30.30 changed the law concerning the validity of a statement of readiness for a multi-count local criminal court accusatory instrument (see CPL {**74 Misc 3d at 52}30.30 [5-a]), we reject defendant's contention that this new statute should be retroactively applied to the February 2016 conviction challenged on this appeal (see People v Duggins, 192 AD3d 191 [2021], lv denied 36 NY3d 1096 [2021]). The legislature did not clearly express an intention [*2]that CPL 30.30 (5-a) be applied retroactively to cases where a defendant was sentenced prior to the effective date of the legislation (see McKinney's Cons Laws of NY, Book 1, Statutes § 52; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370 [2020] ["(i)t takes a clear expression of the legislative purpose . . . to justify a retroactive application" of a statute, which "assures that (the legislative body) itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits" (internal quotation marks and citation omitted)]). Moreover, statutory amendments are presumed to apply prospectively, and the exception allowing for retroactive application of remedial legislation and statutes governing procedural matters is inapposite because CPL 30.30 (5-a) changed the law regarding partial readiness by imposing a new requirement for prosecutors to declare readiness for trial and thus, in effect, bestowed a new speedy trial right (see William C. Donnino, Supp Practice Commentaries, McKinney's Cons Laws of NY, CPL 30.30). The extended (eight-month) postponement of the effective date of the amendment indicates an intention to delay its application, further militating against applying it retroactively (see People v Utsey, 7 NY3d 398, 403-404 [2006] ["If the amendments were to have retroactive effect, there would have been no need for any postponement" (citation omitted)]).
The court properly permitted the complainant to make an in-court identification of defendant for the first time during trial (see People v Johnson, 197 AD3d 725, 727 [2021], lv denied 37 NY3d 1097 [2021]). Since the complainant did not participate in a pretrial identification procedure and there is no colorable claim of suggestiveness, there was no need for the People to establish an independent basis for the admission of her testimony (see People v Jackson, 94 AD3d 1559, 1560 [2012], lv denied 19 NY3d 1026 [2012]). Furthermore, defendant was "able to explore weaknesses and suggestiveness of the identification in front of the [trier of fact]" (People v Morales, 176 AD3d 1235, 1235 [2019], lv granted 35 NY3d 972 [2020], appeal withdrawn 36 NY3d 969 [2020] [citation omitted]). Moreover, the defendant's{**74 Misc 3d at 53} challenges to the reliability of the identification evidence go to the weight to be afforded such evidence by the trier of fact and not to its admissibility (see People v Dennard, 39 AD3d 1277 [2007], lv denied 9 NY3d 842 [2007]).
Edmead, P.J., McShan and Silvera, JJ., concur.