People v Burnett (2024 NY Slip Op 50195(U))

[*1]

People v Burnett (Shamar)

2024 NY Slip Op 50195(U)

Decided on February 8, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 8, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-210 N CR

The People of the State of New York, Appellant,
against
Shamar A. Burnett, Respondent. 

Nassau County District Attorney (Daniel Bresnahan and Hilda Mortensen of counsel), for appellant.
Nassau County Legal Aid Society (Tammy Feman and Dori Cohen of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Tricia M. Ferrell, J.), dated January 11, 2023. The order, insofar as appealed from, upon reargument, sua sponte dismissed the accusatory instruments on statutory speedy trial grounds.

ORDERED that the order, insofar as appealed from, is reversed, on the law, upon reargument, the accusatory instruments are reinstated and the matter is remitted to the District Court for all further proceedings.
Defendant was charged in 14 separate simplified traffic informations with driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]), driving while impaired by the combined influence of alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), speeding (Vehicle and Traffic Law § 1180 [a]), speeding (Vehicle and Traffic Law § 508 [e]), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), failing to use the designated lane (Vehicle and Traffic Law § 1128 [c]), conduct interfering with Thruway operations (21 NYCRR 102.8), operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), operating a motor vehicle without a license for that class of vehicle (Vehicle and Traffic Law § 509 [2]), failing to signal (Vehicle and Traffic Law § 1163 [d]), consumption of alcoholic beverages in a motor vehicle (Vehicle and Traffic Law § 1227 [1]), operating a motor vehicle without a safety belt (Vehicle and Traffic Law § 1229-c [3]), and unreasonably interfering with the operation of another vehicle (9 NYCRR 378.1 [l]). Thereafter, the People moved to dismiss the last 10 charges listed above. On September 9, 2022, the court denied the motion. The People moved to reargue, and, in an order dated January 11, 2023, the court granted reargument, adhered to its prior decision, and sua sponte dismissed the 14 accusatory instruments based on speedy trial grounds (see CPL 30.30 [1] [b]).
A motion to dismiss must be made in writing and upon reasonable notice to the People (see CPL 170.45; 210.45; People v Alston, 191 AD2d 176, 177 [1993]; People v Ramos, 94 [*2]AD2d 708 [1983]; People v Striefler, 2003 NY Slip Op 50937[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]). Since there was no written motion to dismiss the accusatory instruments based on statutory speedy trial grounds before the court, and the People were not put on notice that the court was contemplating dismissal of the accusatory instruments on that ground, the District Court improperly sua sponte dismissed the accusatory instruments (see People v Littles, 188 AD2d 255, 256 [1992]; Ramos, 94 AD2d at 708; People v McKiver, 24 Misc 3d 78, 79 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; People v Salanardi, 23 Misc 3d 139[A], 2009 NY Slip Op 50966[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Streifler, 2003 NY Slip Op 50937[U] at *1). 
Accordingly, the order, insofar as appealed from, is reversed, the accusatory instruments are reinstated and the matter is remitted to the District Court for all further proceedings.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 8, 2024