People v Taylor (2025 NY Slip Op 25137)

[*1]

People v Taylor

2025 NY Slip Op 25137

Decided on June 12, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 12, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Saladin Taylor, Defendant.

Docket No. CR-031158-24BX

For the Defendant
Colin Cowperthwaite & Kissa 
Broadie (Legal Aid Society)
For the People
Bronx ADA Sam Arno

David L. Goodwin, J.

In his omnibus motion,[FN1]
defendant Saladin Taylor moves to dismiss the fourth-degree criminal possession of a weapon counts of the accusatory instrument as facially insufficient and duplicitous, and otherwise in violation of the Second Amendment. He also argues that a vendor-license violation charged under City of NY Administrative Code § 20-453 is facially insufficient, and that the entire instrument must be dismissed on C.P.L. § 30.30 speedy trial grounds due to the insufficiency of all the charges. In the alternative, he asks for suppression, pretrial hearings, and other relief.
The People generally oppose, except that they acknowledge that count two, which charges the vendor-license violation, is facially insufficient. They ask that it be dismissed. At the direction of the Court, the People also filed a sur-reply.
As set forth below, count two is DISMISSED, but the remaining counts survive, and Huntley/Dunaway/Mapp hearings are ordered.
* * *
Because the parties are the primary audience, this decision assumes familiarity with the facts and procedural history of the case.
Duplicity/Facial Sufficiency/Second Amendment
In the bill of particulars accompanying their sur-reply, the People have clarified that the five charges of fourth-degree criminal possession of a weapon (P.L. § 265.01(1)) correspond to the two "expandable batons" and three sets of "metal knuckles." People's Sur-Reply at 3. So while Taylor's concerns about duplicity were well-founded, the bill of particulars—which he specifically requested in his omnibus motion—provides him with the certainty and specificity lacking in the original accusatory instrument, rendering that issue academic. See People v. Elliott, 41 Misc 3d 1228(A), 2013 NY Slip Op. 51869(U), at *4 (N.Y.C. Crim. Ct., NY Co. 2013) (Statsinger, J.) (observing that a bill of particulars can cure a duplicity defect); cf. People v. Davis, 72 NY2d 32, 38—39 (1988) (concluding that bill of particulars submitted in response to a defense request cured an indictment's duplicity problem).
Taylor's weapon-count challenges to facial sufficiency are otherwise limited to the daggers, pepper spray, knives, and tasers, not the batons and alleged metal knuckles. See Defense's Mot. at 8—11; Defense's Reply at 2—7. Regardless, the factual allegations of the accusatory instrument appear sufficient as to the batons and knuckles. See People v. Ocasio, 28 NY3d 178, 181—84 (2016) (addressing billy clubs); People v. Aragon, 28 NY3d 125, 129—30 (2016) (metal knuckles).
At the same time, however, the People concede that the City of NY Administrative Code § 20-453 count is insufficient. Their response brief includes an application to dismiss that count. That application is granted and count two of the accusatory instrument is DISMISSED.
Finally, Taylor raises a constitutional challenge to the restrictions on possessing billy clubs and metal knuckles found in § 265.01(1), contending that those prohibitions do not pass muster under the Second Amendment and recent United States Supreme Court decisions clarifying the Amendment's reach.[FN2]
See, e.g., United States v. Rahimi, 602 U.S. 680 (2024); NY [*2]Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). Taylor's constitutional challenge does not succeed, for substantially the same reasons set out by the Court of Appeals of Michigan in People v. Dummer, No. 369752, ___ N.W.2d ___, 2025 WL 849512, at *4—13 (Mich. Ct. App. Mar. 18, 2025) (denying facial Second Amendment challenge to metal knuckles because, in part, "brass knuckles are dangerous and unusual weapons that have not, from 1791 through the post-Civil War era, played a role in the defense of self or others"), and California's Ninth Circuit opening brief in Fouts v. Bonta, No. 24-1039 (May 8, 2024) (addressing billy clubs).[FN3]

In sum, count two is dismissed on the People's application. The remaining counts survive.
Speedy Trial Dismissal Premised on C.P.L. § 30.30(5-a)
Taylor also argues that the invalidity of the § 20-453 count means that the People could not have validly declared ready for trial on February 18 and 22, thereby requiring dismissal of the accusatory instrument under C.P.L. § 30.30. Although the People certified on both occasions that all counts of the accusatory instrument were sufficient, as is required by C.P.L. § 30.30(5-a), the People now concede that the Administrative Code charge was not facially sufficient; and, in Taylor's view, this means that the People were never ready, and the speedy trial § 30.30 clock continued running.
As of right now, the decisional appellate law on this topic appears to hold that (1) a failure to file the § 30.30(5-a) certification prevents the People from declaring ready, see People v. Hernandez, 84 Misc 3d 10, 12—13 (App. Term, 9th & 10th Jud. Dists. 2024), but (2) a § 30.30(5-a) certification that is undermined by the subsequent dismissal of a count does not, see People v. Williams, 83 Misc 3d 21, 23 (App. Term 2d, 11th & 13 Jud. Dists. 2024). Williams is currently before the Court of Appeals, which will presumably settle (2) for good at some point next term. But Williams has not yet been fully briefed or calendared for argument, and neither party asks for this case to be held for the Court's decision in Williams. At least as of the time of [*3]writing, Williams stands as the primary appellate authority on inaccurate § 30.30(5-a) statements, and it undermines Taylor's position.
Taylor contends that Williams does not control because it conflicts with the Appellate Term, First Department's decision in People v. Powell, 74 Misc 3d 50 (App. Term 1st Dept. 2022). But Powell dealt with the doctrine of partial readiness in the context of conversion, not facial insufficiency. See Powell, 74 Misc 3d at 51 (addressing "a forcible touching count which was not converted until December 3, 2015"). Also, much of the discussion in Powell arose in the context of whether § 30.30(5-a) should apply retroactively. In other words, the Appellate Term was not actually addressing the substance of the statute, but was instead determining whether the new § 30.30(5-a) should apply to cases pending at the time of its enactment.[FN4]

Williams, by contrast, addressed a § 30.30(5-a) declaration that was undermined by the subsequent dismissal of a count on insufficiency grounds, holding that the filing of a 5-a declaration is all that is required for the People to declare ready; "the [L]egislature did not provide for sanctions or any consequence in the event the . . . certification was inaccurate." Williams, 83 Misc 3d at 23. Thus, even assuming that the relevant discussion in Powell is not dicta, Powell does not appear to directly conflict with Williams.
Taylor asserts that Williams is no barrier to the partial-readiness-abrogation issue discussed above, and instead resolved only whether an inaccurate § 30.30(5-a) statement should lead to dismissal as a "direct" sanction. But he does not persuasively explain why the indirect sanction he proposes—an inaccurate § 30.30(5-a) statement implicates partial readiness, which the Legislature abolished via the statutory changes to § 30.30, so an inaccurate § 30.30(5-a) statement is really a declaration of partial readiness, which the People can no longer do, thus the speedy trial clock never stops and the case is dismissed—is a logical outcome if the direct sanction that Williams rejected is not in play. While unintended consequences are a risk of any statutory overhaul, the Legislature probably would not have intended dismissal to be premised on partial-readiness-abrogation grounds if dismissal could not be premised directly on an inaccurate 5-a statement itself. Williams was clear on that point: the Legislature did not provide for "sanctions or any consequence" for an inaccurate certification, language that appears to put out of reach both direct and indirect paths to dismissal. Id.; cf. Cruz v. TD Bank, N.A., 22 NY3d 61, 72 (2013) (observing that legislative bodies do not "hide elephants in mouseholes").
Taylor responds that rejecting his position would, in effect, "render Williams irrevocably in conflict with the Legislature's clear abrogation of the partial readiness doctrine and, therefore, compel a determination that Williams was wrongly decided," because otherwise a § 30.30(5-a) [*4]statement would be essentially toothless. Defense's Mot. at 18. Of course, Williams may be wrongly decided, and many of the arguments now raised in the Court of Appeals echo Taylor's concerns.[FN5]
And Taylor's other arguments regarding partial readiness may be well-suited for an institutional amicus brief before the Court of Appeals. But as of right now, his attempt to distinguish Williams is unpersuasive, and overturning Williams is the responsibility of the Court of Appeals. So regardless of whether Williams is technically binding, this Court chooses to follow it here.
Accordingly, Taylor's speedy trial § 30.30 challenge is denied. He is free to move for renewal or reargument if Williams goes his way in the Court of Appeals.
Hearings
Mapp/Dunaway/Huntley hearings are ordered. Any voluntariness, preclusion, or Sandoval/Molineux/Ventimiglia issues are referred to the trial court. All other requests are denied, and additional pretrial motions are not authorized absent a showing of good cause.

 * * *
For the reasons set forth above, count two is DISMISSED, but all other counts survive, and Mapp/Dunaway/Huntley hearings are ordered.
Dated: June 12, 2025
Bronx, NY
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:Both the omnibus motion and the defense reply combine factual recitations with legal arguments—the motion itself under an "Affidavit" heading—with everything set forth in numbered paragraphs. It may be better for legal arguments to be presented in a separate memorandum of law, to ensure they are not assumed to be part of an attorney's sworn statement. Cf. Armendariz v. Tiramisu Rest., Inc., 170 AD2d 334, 334 (1st Dept. 1991) (addressing 22 N.Y.C.R.R. § 208.11(b)(1)).

Footnote 2:Taylor invokes both the state and federal constitutions, but relies solely on federal constitutional law (and does not mention Civil Rights Law § 4, which largely tracks the text of the federal Second Amendment). It is also somewhat unclear whether he intends to raise only facial challenges or as-applied challenges as well. His motion reads primarily as a federal facial challenge and is resolved as such. See United States v. Hansen, 599 U.S. 762, 769 (2023) (describing facial challenge framework).

Footnote 3:See 9th Cir. No. 24-1039, doc. 7.1, available at https://storage.courtlistener.com/recap/gov.uscourts.ca9.75df7e5d-74a1-4dbe-8fb6-c95299be9bb5/gov.uscourts.ca9.75df7e5d-74a1-4dbe-8fb6-c95299be9bb5.7.1.pdf. Fouts was being held for decision and the issuance of the mandate in two other pending cases. See id., doc. 51 (order of Oct. 22, 2024), available at https://storage.courtlistener.com/recap/gov.uscourts.ca9.75df7e5d-74a1-4dbe-8fb6-c95299be9bb5/gov.uscourts.ca9.75df7e5d-74a1-4dbe-8fb6-c95299be9bb5.51.0.pdf. Both cases appear to have been decided. See Duncan v. Bonta, 133 F.4th 852 (9th Cir. 2025) (en banc); Teter v. Lopez, 125 F.4th 1301 (9th Cir. 2025) (en banc).

Footnote 4:Taylor asserts that § 30.30(5-a) "directs" that "in fulfilling its 30.30(5) obligations, a court must consider pleading defects as grounds to reject a statement of readiness," citing pages 51 and 52 of Powell in support. Defense's Mot. at 14. But the relevant part of Powell says nothing about how a court "must" consider "pleading defects," or otherwise "reject" a statement of readiness.

Footnote 5:See, e.g., Appellant's Br. in People v. Williams, APL-2024-00103, at 14 (Dec. 20, 2024) ("If the People were permitted to validly declare ready by parroting the words of § 30.30(5-a) without verifying that all counts met the requirements of C.P.L. §§ 100.15 and 100.40, this newly enacted prerequisite for trial readiness would be rendered a dead letter, contravening the plain text of the statute, the bedrock C.P.L. § 30.30 principle that an empty readiness declaration cannot stop the speedy trial clock, and the intent of the legislature in promulgating this provision.").