People v Brito (2026 NY Slip Op 50176(U))

[*1]

People v Brito

2026 NY Slip Op 50176(U)

Decided on February 18, 2026

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 18, 2026
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstY. Brito, Defendant.

Docket No. CR-028444-25BX

For the Defendant: Michael A. MrnaçajFor the People: 
Bronx ADA Eric Dreises

David L. Goodwin, J.

This case was last on the calendar January 29, 2026, for conversion—i.e., replacement of the complaint with an information—and discovery compliance. During that calendar call, which fell on the 101st day after arraignment, the Assistant District Attorney in the Part acted to "convert" the complaint by making an application to dismiss two unconverted counts from the instrument.
Because this called into question the validity of the People's off-calendar statement of readiness—which had been filed alongside the discovery materials within the 90-day statutory speedy trial period—the People were directed to address, via a letter brief, whether the entire accusatory instrument should be dismissed pursuant to C.P.L. §§ 30.30 and 170.40.[FN1]
 Those submissions have been received and reviewed.
As explained below, the accusatory instrument is DISMISSED because the complaint was not converted within the 90-day speedy trial period, rendering the People not ready for trial on any of the counts of the instrument. A C.P.L. § 30.30(5-a) certification does not compel or permit the dismissal of only the unconverted counts in these circumstances, regardless of [*2]whether the People's mistake was inadvertent.I.When the top count charged is a misdemeanor punishable by a sentence of more than three months in jail, the People must be ready for trial within 90 days or else face dismissal of the case. C.P.L. § 30.30(1)(b). To be ready for trial, the People must "have done all that is required of them to bring the case to a point where it may be tried." People v. Brown, 28 NY3d 392, 404 (2016) (internal quotation marks and citation omitted). The People may declare their readiness either in court or off-calendar, but no matter the chosen route, the People must be "truly ready to proceed" at the time they declare ready, as § 30.30 "contemplates an indication of present readiness, not a prediction or expectation of future readiness." Id. at 403—04.
A court is now required by C.P.L. § 30.30(5)(a), which was added as part of the 2019/2020 discovery reforms, to assess the validity of the People's statement of readiness. If the court determines that the People were not ready to proceed, "the prosecutor's statement or notice of readiness shall not be valid for purposes of" § 30.30.

 II.
With admirable candor, the People concede that when they declared ready on December 29, they believed they had filed with the court the defendant's DMV abstract and a notice of mailing, either one or both of which was needed to convert unlicensed-driving charges under V.T.L. §§ 511(1)(a) and 509(1).[FN2]
 But they had not done so. While the People had filed with the court their certificate of compliance and statement of readiness—the latter of which included a certification pursuant to C.P.L. § 30.30(5-a) that all facially insufficient counts had been dismissed—they had not actually filed the DMV abstract and notice of mailing with the court. Instead, those documents had been served on the defense only. People's Aff. ¶ 3(a).
The People recognized their mistake a month later, on the morning of the January 29 calendar call. At that call, they immediately moved to dismiss the two unconverted counts, aiming to convert the complaint to a misdemeanor information. Id. ¶ 3(c).

III.
Although the 90-day § 30.30(1)(b) speedy trial period had elapsed by January 29, the People argue in their brief that the belated conversion of the complaint should not lead to dismissal. The People point out that at the time they declared ready on December 29, they had certified under C.P.L. § 30.30(5-a) that all counts of the instrument were facially sufficient, and those that were not had been dismissed. While their certification was concededly inaccurate, the recent Court of Appeals decision in People v. Williams, — NY3d —, 2025 NY Slip Op. 06535 (Nov. 25, 2025), held that the penalty for an inaccurate § 30.30(5-a) certification is dismissal of the affected counts, not dismissal of the entire accusatory instrument. Id. at *1.
In the People's view, the holdings in Williams and other cases—such as People v. Councel, 77 Misc 3d 1132 (N.Y.C. Crim. Ct., Kings Co. 2022) (Walsh, J.)—foreclose dismissal of the whole instrument as the appropriate remedy, especially if the People certified under § 30.30(5-a) and the mistake was inadvertent. Instead, as in Williams, the sanction should be dismissal of the affected counts—which the People already accomplished on January 29.

 IV.
The People's argument misidentifies the nature of the defect. Williams, Councel, and the other cited decisions involved the facial insufficiency of individual counts within an otherwise-triable accusatory instrument, where the affected counts were not supported by adequate facts. See Williams, 2025 NY Slip Op. 06535, at *1 ("The misdemeanor complaint contained numerous factual allegations in support of the unlicensed operation counts, but none supporting the failure to obey a traffic control signal count. The People later filed an information which, once again, did not include factual allegations concerning the failure to obey a traffic signal count."); Councel, 77 Misc 3d at 1133 (observing that the defendant "challenge[d] the facial sufficiency of" ten counts of "a misdemeanor information"). Here, by contrast, the People's mistake implicates conversion, shorthand for whether a misdemeanor complaint has been replaced by a misdemeanor information. See C.P.L. § 170.65(1). Without conversion, or the waiver of the right to prosecution by information, there is no triable accusatory instrument at all.
For a misdemeanor prosecution to proceed, a misdemeanor complaint must be replaced by a misdemeanor information, unless the defendant has waived that right. C.P.L. § 100.10(4); § 170.10(4)(d); § 170.65(1), (3); People v. Slade, 37 NY3d 127, 136 (2021). The People cannot be ready for trial if they have not replaced the complaint with an information, see People v. Johnson-McLean, 71 Misc 3d 31, 35 (App. Term, 1st Dept. 2021), because they have not done "all that is required of them to bring the case to a point where it may be tried," Brown, 28 NY3d at 404.[FN3]

That well-established rule is enough to decide this case. As the People concede, at the time they declared ready, the accusatory instrument was still a misdemeanor complaint because at least two counts relied on hearsay. See People v. Fernandez, 20 NY3d 44, 50 (2012) ("[A] misdemeanor complaint is a misdemeanor information but with hearsay allegations [*3]permitted.").[FN4]
 The People were thus not ready to proceed because unconverted counts remained in the accusatory instrument and there had been no waiver of the right to prosecution by information. And since readiness requires present readiness, not future readiness, see Brown, 28 NY3d at 403—404, the People's December 29 statement of readiness was invalid, and could not be retrospectively rehabilitated by dismissing the affected counts at the next calendar date.
Contrary to the People's argument, a § 30.30(5-a) certification does not provide protection against a failure to convert one or more counts of an instrument, or permit dismissal of only the affected counts. 
First, the readiness defect here was not "based on" an inaccurate certification, as it was in Williams, 2025 NY Slip Op. 06535, at *3, but arose because the People did not convert the complaint. Put another way, the § 30.30(5-a) certification is incidental to the People's unreadiness, not the alleged cause of it.
Second, before § 30.30(5-a) was enacted, the People could be converted and ready for trial on only some counts of an instrument under the doctrine of partial conversion. See People v. Powell, 74 Misc 3d 50, 51 (App. Term, 1st Dept. 2022). The enactment of § 30.30(5-a) eliminated partial conversion; as Williams recognized, readiness is now all or nothing. See Williams, 2025 NY Slip Op. 06535, at *3. If the People are not ready on one count, they are no longer ready on any count, rendering the entire instrument subject to dismissal. It would be illogical to permit a § 30.30(5-a) certification to restore a practice that it was intended to banish.
To be clear, there is no suggestion here of bad faith by the People. The record reflects a simple oversight. In the context of conversion, however, good faith cannot save a prosecution when a complaint is not replaced by an information within the 90-day speedy trial window. Dismissal remains the appropriate and only remedy. 

* * *
For the reasons set forth above, the People did not convert the complaint into an information before the 90-day speedy trial window closed. The People thus were not ready for trial in time—a defect that even a timely filed § 30.30(5-a) certification cannot save. Accordingly, the accusatory instrument is DISMISSED AND SEALED pursuant to C.P.L. §§ 30.30(1)(b) and 170.40(2). Cf. People v. Alston, 191 AD2d 176, 177 (1st Dept. 1993) (recognizing the felony equivalent of § 170.40 as an appropriate vehicle for a § 30.30-premised dismissal on the court's own motion).
Dated: February 18, 2026Bronx, NYDavid L. GoodwinJudge of the Criminal Court

Footnotes

Footnote 1: Relevant here, a court may contemplate a speedy trial dismissal on its own motion so long as the parties are given notice and an opportunity to respond. See Briefing Order at 2 n.1 (comparing People v. Burnett, 81 Misc 3d 144(A), 2024 NY Slip Op. 50195(U), at *1 (App. Term, 9th & 10th Jud. Dists. 2024), and People v. Doe, 46 Misc 3d 140(A), 2015 NY Slip Op. 50135(U), at *1—2 (App. Term, 1st Dept. 2015) (dismissal improper due to lack of notice), with People v. Alston, 191 AD2d 176, 176—77 (1st Dept. 1993) (affirming dismissal when the People were given notice and opportunity to respond)).

Footnote 2: The top counts were driving while intoxicated, V.T.L. § 1192(3), and second-degree reckless endangerment, P.L. § 120.20.

Footnote 3: See also People v. Caussade, 162 AD2d 4, 8 (2d Dept. 1990) ("[P]resent readiness for trial is established when the People have a valid accusatory instrument upon which the defendant may be brought to trial . . . ."); People v. Flores, 79 Misc 3d 1239(A), 2023 NY Slip Op. 50834(U), at *3 (N.Y.C. Crim. Ct., Bronx Co. 2023) (González-Taylor, J.) ("[T]he People cannot be ready for trial until they convert a misdemeanor complaint to an information . . . ."); People v. Cortes, 77 Misc 3d 1236(A), 2023 NY Slip Op. 50110(U), at *2 (N.Y.C. Crim. Ct., Bronx Co. 2023) (Chin, J.) ("The People cannot be ready for trial until a misdemeanor complaint has been converted or replaced by an information.").

Because conversion involves curing hearsay, the presence of which is not a jurisdictional defect, see People v. Keizer, 100 NY2d 114, 121—23 (2003), there are certain circumstances where an otherwise-invalid declaration of readiness on an unconverted instrument can be cured by future developments in a case. See, e.g., People v. Connor, 63 NY2d 11, 14—15 (1984) (concluding that a defendant's failure to object to the presence of hearsay in an instrument, and decision to nevertheless proceed to trial, amounted to a de facto waiver of the right to prosecution by information). The People do not rely on this line of doctrine and, in any event, no relevant conduct appears to be present here. 

Footnote 4: Because the People concede the relevant counts were not converted, there is no need to address whether filing of the supporting documents with the court was actually required, although the general consensus holds it is. See, e.g., People v. Brooks, — Misc 3d —, 2025 NY Slip Op 25178, at *1 (N.Y.C. Crim. Ct., Kings Co. 2025) (Zelmanovitz, J.); People v. Grant, 85 Misc 3d 1232(A), 2025 NY Slip Op 50321(U), at *2 (N.Y.C. Crim. Ct., Bronx Co. 2025) (Mikhaleva, J.).