OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
Defendant is charged with harassing his former lover. The information alleged that defendant had engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed the victim. Specifically, the victim received a telephone call from the defendant on October 8, 1996, wherein defendant stated: “I hope we are not going to war, I hope no one gets hurt, I am no longer passive.” When the victim informed defendant that all she wanted was to be happy, defendant replied, “Is Linda happy?” (In 1962 defendant was convicted of burglary, maiming and assault for the 1959 hiring of three men to throw lye into the face of Linda Riis, whom he later married.) Defendant further stated to the victim that: “It’s 1959 all over again.”
The accusatory instrument further alleges that a second telephone call was received from the defendant on October 10, 1996, wherein defendant stated: ‘You never ceased to be rude to me, you are a whore.” A third telephone call was received on October 15, 1996, wherein defendant asked the victim to dinner, and when she refused, defendant stated: “If I can’t have you no one else can.” After the last telephone call, the victim went to defendant’s office where defendant stated: “Since you do not want to have dinner with me, tonight will be your last dinner. I have tremendous connections, I will meet with my people tomorrow, and I will not even know who did it.” Defendant further stated: “I do not want to go to jail, I will not blind you because you will be on the stand with your big mouth, it will be quick. I will pay for your funeral, I am well liked, and have millions, I am not afraid of the police. I will cancel the order to kill you if you have dinner and sex with me, you know my background.”
Defendant first argues that the information is jurisdiction-ally defective, mandating dismissal, because the instrument fails to set forth the elements of the offense charged.
Penal Law § 240.26 (3) states:
“A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person * * *
*821 “He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other persons and which serve no legitimate purpose.”
The information clearly tracks the language of the above statute, and indicates that defendant undertook a course of conduct during an eight-day period wherein defendant made statements to the victim “with intent to harass, annoy, threaten, or alarm” which “did cause the victim annoyance and alarm.” Thus, the information contains the necessary elements of the offense.
Defendant also seeks to dismiss the information upon a claim that there was no probable cause for his arrest. Assuming, arguendo, that defendant’s arrest was without probable cause, an illegal arrest without more does not bar a prosecution nor is it a defense to an otherwise valid conviction (People v Young, 55 NY2d 419). Simply, a defendant cannot suppress his presence at trial upon a claim that there was no basis for his arrest (supra).
Next, defendant argues that the evidence adduced at trial was insufficient to support the verdict.
Viewing the evidence in a light most favorable to the People (People v Contes, 60 NY2d 620), we find it was legally sufficient to establish defendant’s guilt beyond a reasonable doubt. Moreover, since all issues of credibility and the weight to be accorded to the evidence adduced at trial are questions to be determined by the trier of facts, the jury’s determination should not be disturbed, as the record amply supports its findings (People v Gaimari, 176 NY 84). Thus, upon the exercise of this court’s power of factual review, we are satisfied that the verdict was not against the weight of the credible evidence (see, supra; see also, CPL 470.15 [5]).
Finally, defendant’s contention that the court erred in not charging the jury that character testimony alone is sufficient to create a reasonable doubt is completely without merit. It is well-settled law that evidence of defendant’s good character, standing alone, is not sufficient to constitute a reasonable doubt as to guilt (People v Aharonowicz, 71 NY2d 678).
Kassoff, P. J., Aronin and Chetta, JJ., concur.