The People of the State of New 
 York, Respondent, 
against
Neftali Thomas-Diaz, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Ann E. Scherzer, J.), rendered September 12, 2012, after a nonjury trial, convicting him of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered September 12, 2012, affirmed.The accusatory instrument was not jurisdictionally defective. It charged all the elements of harassment in the second degree (see Penal Law § 240.26[3]). The instrument recited that defendant entered the dressing room of a specified Target store and was observed by the complainant "peering underneath the dressing room stall while [complainant] was in the process of taking off her clothing"; that after complainant informed defendant that "someone was in the stall," defendant moved away, but returned and was observed "again peering underneath the dressing room stall"; and that despite being informed "several times" that there was someone in the stall, the defendant "again was peering underneath her dressing room stall when [complainant] opened her stall door and chased after defendant." These factual allegations were sufficient for pleading purposes to establish that defendant engaged in a course of conduct or repeatedly committed acts over a period of time that evidenced a continuity of purpose which alarmed or seriously annoyed the complainant and which served no legitimate purpose (see Penal Law § 240.26[3]; see also People v Pugach, 179 Misc 2d 819 [1999], lv denied 93 NY2d 928 [1999]). 
Viewing the evidence in a light most favorable to the People, we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the court's determinations concerning credibility. The court, as factfinder, was warranted in concluding that defendant's actions in repeatedly peering underneath complainant's dressing room door after being warned away by the complainant, constituted a course of conduct aimed at the complainant that lacked a legitimate purpose and which alarmed or seriously annoyed complainant. Defendant's requisite intent to harass, annoy and alarm complainant was readily inferable from [*2]the conduct itself and the surrounding circumstances (see Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 23, 2017