People v Johnson-McLean (2021 NY Slip Op 21067)

People v Johnson-McLean

2021 NY Slip Op 21067 [71 Misc 3d 31]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 16, 2021

[*1]

The People of the State of New York, Appellant,
v
Kimone Johnson-McLean, Respondent.

Supreme Court, Appellate Term, First Department, March 24, 2021

APPEARANCES OF COUNSEL

Darcel D. Clark, District Attorney (Robert McIver of counsel), for appellant.
Legal Aid Society (Daniel P. Schumeister of counsel) for respondent.

{**71 Misc 3d at 32} OPINION OF THE COURT

Per Curiam.

Order (Shahabuddeen A. Ally, J.), dated March 4, 2020, reversed, on the law, defendant's speedy-trial motion denied, and accusatory instrument reinstated. Appeal from order (Shahabuddeen A. Ally, J.), dated November 26, 2019, dismissed as superseded by the appeal from the order granting reargument.
On July 2, 2019, defendant was charged, in a criminal complaint, with one count of aggravated harassment in the second degree, a class A misdemeanor (Penal Law § 240.30 [1] [a]). The complaint was prepared by an Officer Longo (i.e., the deponent), who stated that, on or about June 26, 2019, at approximately 4:30 p.m., in the vicinity of Wickham Avenue and Edenwald Avenue in Bronx County, defendant committed the offense of aggravated harassment in the second degree.
The factual portion of the complaint provides as follows:
"Deponent is informed by CATIFAH MORGAN, that at the above time and place, the vicinity of informant's residence, defendant did call informant{**71 Misc 3d at 33} five (5) times on the telephone and, each time, threatened to cause bodily harm to both informant and informant's daughter.
"Deponent is further informed by informant that defendant stated in sum and substance: I'M GOING TO CATCH YOU, I'M GOING TO SLICE YOU, AND THROW BLEACH ON YOU. IT DOESN'T MATTER IF YOUR DAUGHTER IS THERE AND IT [*2]DOESN'T MATTER IF SHE GETS CATCHED [sic] OR NOT.
"Deponent is further informed by informant that informant knows the defendant, is familiar with the defendant's voice, and recognized the voice on the phone to be that of the defendant.
"Deponent is further informed by informant that, as a result of defendant's aforementioned actions, informant experienced annoyance, alarm and fear for her physical safety and that of her daughter."
Defendant was arraigned on the complaint on July 3, 2019, and the case was adjourned to August 6, 2019, to permit the People to obtain and file a supporting deposition from the informant-victim. The People did not file the supporting deposition by the August 6 adjourn date, and the court adjourned the case to October 8, 2019, to afford the People an additional opportunity to obtain and file the supporting deposition.
On September 26, 2019, the People filed an off-calendar statement of readiness, a copy of the complaint, and a supporting deposition. The typewritten supporting deposition stated that "I, CATIFAH MORGAN say that I have read the complaint filed in the [criminal action] and attached hereto and that the facts stated in that complaint to be on information furnished by me are true upon personal knowledge." However, the "C" in "CATIFAH" was crossed out with a single handwritten vertical line, and an "L" was handwritten above the crossed-out "C." The initials "LM," which were bordered by parentheses, were handwritten to the right of the handwritten "L." The supporting deposition was signed by Latifah Morgan.
On the October 8, 2019 adjourn date, defendant contended that the People's statement of readiness was illusory because the People had failed to effect a proper conversion of the complaint to an information, such that the speedy-trial clock continued to run, resulting in a violation of defendant's right to a speedy trial under CPL 30.30. Specifically, defendant argued{**71 Misc 3d at 34} that the complaint was not duly converted to an information because the supporting deposition was signed by a person not identified in the complaint; the complaint referred to Catifah Morgan, but the supporting deposition was signed by Latifah Morgan. The People requested that the court permit an amendment to the complaint to reflect, consistent with the supporting deposition, that the first name of the informant-victim was Latifah, not Catifah. The court agreed with defendant's contention and denied the People's request.[FN1]
Defendant formally moved to dismiss the action on the ground that her speedy-trial right was violated. The People opposed the motion, contending that they effectively announced their trial readiness on September 26, 2019, before the speedy-trial period expired. Alternatively, the People sought (again) permission to amend the complaint to correct a non-prejudicial typographical error—the wrong first letter of the informant-victim's first name.
Criminal Court granted defendant's motion in a written decision and order.
The People moved to reargue defendant's speedy-trial motion, arguing, among other things, that certain Appellate Term case law compelled the finding that the complaint was duly [*3]converted to an information on September 26, 2019, upon the People's filing of the supporting deposition (see People v Vargas, 55 Misc 3d 130[A], 2017 NY Slip Op 50387[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 1088 [2017]). Defendant opposed the reargument motion.
Criminal Court granted the People's motion to reargue, but adhered to its prior determination granting defendant's motion to dismiss.[FN2]
The People appeal from both orders. Their central arguments are that the typographical error in the complaint regarding the first letter of the informant-victim's first name is not jurisdictional, and that the September 26, 2019 supporting deposition effectively converted the complaint into an information within{**71 Misc 3d at 35} the speedy-trial window.[FN3] Defendant contends that the difference in the first names of the informant-victim in the complaint and the supporting deposition is a jurisdictional defect that precluded the complaint from being effectively converted into an information.
Initially, the order granting the People's motion to reargue supersedes the prior order granting defendant's motion to dismiss (see People v Torruellas, 137 AD2d 419 [1st Dept 1988]). Therefore, the People's appeal from the prior order is dismissed.
With respect to the appeal from the reargument order, CPL 30.30 (1) (b) requires dismissal of criminal charges on speedy-trial grounds when the People are not ready for trial within 90 days of the commencement of a criminal action in which the defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony.
To be genuinely trial ready, the People must both communicate their readiness, and be ready for trial at the time they communicate their readiness (see People v England, 84 NY2d 1, 4 [1994]). "The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried" (id.). A jurisdictionally-sufficient accusatory instrument is a necessary predicate for a valid trial (see People v Matthew P., 26 NY3d 332, 335 [2015] ["(a) valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution"]; People v Harper, 37 NY2d 96, 99 [1975] [same]). Thus, a fortiori, the People cannot be ready for trial absent a jurisdictionally-sufficient accusatory instrument.
Although the People are permitted to commence a misdemeanor action against a defendant with a criminal complaint, a defendant charged with a misdemeanor has the right to be prosecuted on an information (see People v Dumay, 23 NY3d 518, 522 [2014]). Therefore, absent a waiver by the defendant, the complaint must be converted into an information (see CPL 170.65 [1], [3]), which will serve as the accusatory instrument.
CPL 170.65 (1) provides, in pertinent part, that "[i]f the . . . complaint is supplemented by [*4]a supporting deposition and such{**71 Misc 3d at 36} instruments taken together satisfy the requirements for a valid information, such . . . complaint is deemed to have been converted to and to constitute a replacing information." Under the statute, a complaint and a supporting deposition together constitute the information.
With respect to the sufficiency of an information, it must contain the elements of a complaint: an accusatory section designating the specific offense or offenses with which the defendant is being charged (see CPL 100.15 [2]), and a factual section alleging "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]) that "provide reasonable cause to believe that the defendant committed the offense [or offenses] charged" (CPL 100.40 [b]). Additionally, the information must satisfy the "prima facie case" standard: the "[n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions [must] establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see People v Casey, 95 NY2d 354, 362 [2000]). These allegations must "supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Wheeler, 34 NY3d 1134, 1135 [2020], quoting People v Dreyden, 15 NY3d 100, 103 [2010] [internal quotation marks omitted]).
Defendant's motion to dismiss the accusatory instrument on speedy-trial grounds should have been denied. The People's September 26, 2019 off-calendar statement of readiness filed along with the complaint and the supporting deposition of Latifah Morgan effectively stopped the "speedy-trial" clock, inasmuch as the complaint was "deemed" converted to an information on that date (see CPL 170.65 [1]; People v Guillermo, 67 Misc 3d 133[A], 2020 NY Slip Op 50484[U] [App Term, 1st Dept 2020]; People v Vargas, 2017 NY Slip Op 50387[U]). The supporting deposition converted the complaint to an information notwithstanding that Catifah Morgan was listed in the complaint as the informant-victim and Latifah Morgan was identified in the supporting deposition as the informant-victim.
Reading the complaint and supporting deposition together (see People v Thomas, 4 NY3d 143, 146 [2005]; People v Case, 42 NY2d 98, 100 [1977]), and giving those documents "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d at 360), we find, "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that the lone informant-victim was Latifah Morgan.{**71 Misc 3d at 37}
In the complaint, the deponent police officer refers to only one informant-victim: Catifah Morgan. In the supporting deposition, Latifah Morgan clarified that the correct first letter of her first name is "L," not "C," crossing out the typewritten "C" in "Catifah," replacing the "C" with a handwritten "L," and initialing the change. Latifah Morgan's use of the supporting deposition to make that clarification was permissible because a supporting deposition "provides additional or corroborative facts or evidentiary material which may be necessary to demonstrate a sufficient case. Thus, while [an accusatory instrument] may not be sufficient in itself from the standpoint of the facts alleged, such defect may be cured by [a] supporting deposition[ ]" (William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, CPL 100.20 [internal quotation marks and citation omitted]). Ultimately, there is no ambiguity within the four corners of the information (i.e., the complaint and the supporting deposition) as to the identity of the lone informant-victim: it was Latifah Morgan.
Moreover, Latifah Morgan signed the supporting deposition under penalty of perjury (see [*5]CPL 100.30 [1] [d]), acknowledging that she read the complaint, which was attached to her supporting deposition, and that the facts were based on information "furnished by" her and were true upon her "personal knowledge,"[FN4] providing the nonhearsay allegations required by the "prima facie case" standard.
We note that the variance between the first letter of the informant-victim's first name in the complaint and the supporting deposition could not have hindered defendant's preparation of her defense or subjected her to multiple prosecutions for the same alleged offense (see People v Casey, 95 NY2d 354 [2000]). The complaint identified where and when the alleged criminal conduct occurred, and detailed unique alleged criminality (i.e., five phone calls threatening specified harm to the informant-victim and her daughter).
Recently this court confronted a similar situation. In People v Guillermo (67 Misc 3d 133[A], 2020 NY Slip Op 50484[U] [App Term, 1st Dept 2020]), a misdemeanor complaint charged the defendant with various offenses based upon allegations that he sold marijuana to an undercover police officer. The complaint was sworn to by a detective, and contained statements{**71 Misc 3d at 38} attributed to an "undercover police officer" indicating that the undercover officer handed the defendant a pre-recorded sum of buy money in exchange for marijuana (2020 NY Slip Op 50484[U], *1). The People thereafter filed a notice of readiness with a supporting deposition of "UC #373," who indicated that "the facts stated in that complaint to be on information furnished by me are true upon my personal knowledge" (id.).
This court found that the supporting deposition effectively "converted the complaint to an information even though UC #373 did not expressly indicate that he was the 'undercover officer' described in the complaint" (id.). In so holding, this court gave the accusatory instrument "a fair and not overly restrictive or technical reading" and found "as a matter of common sense and reasonable pleading . . . that UC #373 [was] indeed that informant" (id. at *1-2 [internal quotation marks and citations omitted]). This court reasoned that
"[t]he deponent in the complaint refers only to one 'undercover police officer' informant, and UC #373 signed the supporting deposition under penalty of perjury (see CPL 100.30 [1] [d]), acknowledging that he read the misdemeanor complaint and that the facts stated therein were based on information 'furnished by' him and were true upon his 'personal knowledge' " (id. at *2).
Similarly, in this case, the deponent in the complaint (PO Longo) refers to only one informant. Latifah Morgan corrected the typed "Catifah" in the supporting deposition, and further indicated under penalty of perjury that she read the complaint and stated that the facts therein were based on information "furnished by" her, and were true based upon her "personal knowledge." When considering the facts and all reasonable inferences that can be drawn therefrom, the discrepancy between the spelling of the victim's name in the firsthand account contained in the supporting deposition, and the spelling of the victim's name in the complaint does not create a jurisdictional defect (see People v Martin, 155 AD3d 589 [1st Dept 2017]). In sum, guided by precedent in analogous situations (see People v Martin, 155 AD3d 589 [2017]; People v Guillermo, 2020 NY Slip Op 50484[U]; People v Vargas, 2017 NY Slip Op 50387[U]), mindful that not every defect in an accusatory instrument is jurisdictional in nature (People v Konieczny, 2 NY3d 569, 575 [2004]), and honoring the distinction{**71 Misc 3d at 39} between jurisdictional defects (which implicate the integrity of the process) and non-jurisdictional defects (which involve [*6]evidentiary or technical matters) (see People v Dreyden, 15 NY3d at 103), we conclude that the information is jurisdictionally sufficient.
In light of our conclusion that the information was, based on the contents of the complaint and supporting deposition, jurisdictionally sufficient, the Court of Appeals' recent holding in People v Hardy (35 NY3d 466 [2020]) that informations and complaints cannot be amended to correct erroneous facts does not warrant a contrary result.
Notably, in Hardy, the People conceded that the subject accusatory instrument was jurisdictionally defective (35 NY3d at 470) because the complaint incorrectly alleged that the defendant violated an order of protection (and was therefore guilty of harassment and contempt in the second degree) on a date that would not occur for nine months, which date fell after the expiration of the order of protection (id. at 469). Necessarily, therefore, "the accusatory instrument facially failed to state facts showing a violation of the order of protection" (id. at 469; see 470 n 2). The People sought to amend the complaint allegations to correct a typographical error and reflect that the crime occurred on a date within the time period covered by the order of protection (id. at 468-470). The Court held that "the CPL . . . preclude[s] prosecutors from curing factual errors or deficiencies in informations and misdemeanor complaints via amendment," requiring instead "a superseding accusatory instrument supported by a sworn statement containing the correct factual allegation[ ]" (id. at 468-469).
Here, the People do not concede that the information was jurisdictionally defective and, for the reasons outlined above, the information is jurisdictionally sufficient. Critically, based on the various rules and principles outlined above, the information (i.e., the complaint and the supporting deposition) is not facially defective, and no amendment is necessary to salvage it.
Accordingly, we reverse the reargument order, deny defendant's motion to dismiss on speedy-trial grounds, and remand the matter to Criminal Court for further proceedings.

Edmead, P.J. (concurring). I concur in the result, but write separately to address People v Hardy (35 NY3d 466 [2020]), the recent Court of Appeals decision that changed the "legal {**71 Misc 3d at 40}landscape" with respect to correcting typographical errors in misdemeanor accusatory instruments (People v Minott, 70 Misc 3d 1217[A], 2021 NY Slip Op 50112[U], *2 [Crim Ct, NY County 2021, Swern, J.]). Since Hardy broadly states that the Criminal Procedure Law does not permit "curing factual errors or deficiencies [concerning time, place or names] in informations and misdemeanor complaints via amendment" (35 NY3d at 468-469) and instead requires a "superseding accusatory instrument supported by a sworn statement containing the correct factual allegations" (35 NY3d at 469), it is not entirely clear whether Hardy permits the correction of the complainant's name in the absence of a superseding accusatory instrument. Nevertheless, despite its broad language, Hardy further noted and ultimately concluded that the typographical error there constituted a fundamental jurisdictional defect because it negated an element of the alleged crime of criminal contempt (Hardy at 475-476). While the import of Hardy in the context of this case is uncertain, an overly broad interpretation of its language would lead to the untenable result that, despite the filing of a [*7]supporting deposition that corrected the one-letter spelling error in complainant's name and otherwise timely converted the complaint into an information, a speedy trial dismissal is required because the People failed to timely file a superseding information containing the correct name of the complainant. I therefore join my colleagues in reversing the order on appeal.
Higgitt and Brigantti, JJ., concur; Edmead, P.J., concurs in a separate opinion.

Footnotes

Footnote 1:Later in the day on October 8, 2019, the People filed a superseding information identifying Latifah Morgan as the informant-victim. The superseding information was filed several days after the speedy-trial clock had run.

Footnote 2:Although we reverse the reargument order and deny defendant's speedy-trial motion, we note that Criminal Court (Ally, J.) issued thoughtful decisions in determining both the underlying motion to dismiss and the reargument motion.

Footnote 3:In their main brief, the People argue in the alternative that Criminal Court should have allowed them to amend the complaint to correct the typographical error. In their reply brief, the People essentially withdraw that argument in light of the Court of Appeals' decision in People v Hardy (35 NY3d 466 [2020]), which was handed down after the People filed their main brief.

Footnote 4:The arrest number is consistent in the complaint and the supporting deposition.