People v Rodriguez (2022 NY Slip Op 50261(U))

[*1]

People v Rodriguez (Jonathan)

2022 NY Slip Op 50261(U) [74 Misc 3d 133(A)]

Decided on April 13, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 13, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Tisch, JJ.

570104/15

The People of the State of New York,
Respondent,
against
Jonathan Rodriguez,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered December 18, 2014, convicting him, upon his
plea of guilty, of harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered December 18, 2014,
affirmed.
Since defendant did not waive prosecution by information, we assess the sufficiency of the
accusatory instrument based upon the standard applicable to an information (see People v Hatton, 26 NY3d
364, 368 [2015]). So viewed, the information charging harassment in the second degree
(see Penal Law § 240.26[3]) was jurisdictionally valid because it contained
"nonconclusory factual allegations that, if assumed to be true, address[ed] each element of the
crime charged, thereby affording reasonable cause to believe that defendant committed that
offense" (People v Matthew P., 26
NY3d 332, 335-336 [2015]; see People v Kalin, 12 NY3d 225, 228-229 [2009]). The information
recited that between June 14, 2014 and August 18, 2014, defendant repeatedly called the
complainant's cell phone (at least 29 times), left voice messages and emailed her, despite being
informed by the complainant "to refrain from contacting her in any manner." The information
further alleged that on August 18, 2014, defendant created an Instagram account and posted
several partially naked photos of complainant while "tagg[ing]" several of her co-workers in the
Instagram post. These factual allegations were sufficient for pleading purposes to establish that
defendant intentionally engaged in a course of conduct or repeatedly committed acts over a
period of time that evidenced a continuity of purpose which alarmed or seriously annoyed the
complainant and which served no legitimate purpose (see Penal Law § 240.26[3];
Matter of Diana A. v Kareem E.,
177 AD3d 528, 529 [2019], lv denied 34 NY3d 911 [2020]; People v
Pugach, 179 Misc 2d 819 [App Term, 2nd Dept, 2d, 11th and 13th Jud Dists 1999], lv
denied 93 NY2d 928 [1999]).
Any alleged hearsay defect in the information was waived by defendant's guilty plea (see
People v Keizer, 100 NY2d 114, 122-123 [2003]; People v Drayton, 66 Misc 3d 136[A], 2020 NY Slip Op 50025[U]
[App Term, 1st Dept 2020]), including the typographical error in the date that the supporting
deposition was executed. In any event, that error was nonjurisdictional (see [*2]People v Johnson-McLean, 71 Misc 3d 31 [App Term, 1st
Dept 2021], lv denied 37 NY3d 966 [2021]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 13, 2022