People v Garcia (2022 NY Slip Op 50403(U))

[*1]

People v Garcia (Jerry)

2022 NY Slip Op 50403(U) [75 Misc 3d 129(A)]

Decided on May 18, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 18, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Michael, JJ.

570336/16

The People of the State of New York,
Respondent,
against
Jerry Garcia, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (William McGuire, J.), rendered April 11, 2016, convicting him, upon his plea of guilty,
of attempted unlawful possession of an imitation pistol, and imposing sentence.

Per Curiam.
Judgment of conviction (William McGuire, J.), rendered April 11, 2016, affirmed.
Since defendant did not waive prosecution by information, we assess the sufficiency of the
accusatory instrument based upon the standard applicable to an information (see People v Hatton, 26 NY3d
364, 368 [2015]). So viewed, the information charging unlawful possession of an imitation
pistol (see Administrative Code of the City of New York § 10-131[g][1]) was
jurisdictionally valid because it contained "nonconclusory factual allegations that, if assumed to
be true, address[ed] each element of the crime charged, thereby affording reasonable cause to
believe that defendant committed that offense" (People v Matthew P., 26 NY3d 332, 335-336 [2015][internal
citation omitted]; see People v
Kalin, 12 NY3d 225, 228-229 [2009]). The information recited that on January 4, 2014,
a police officer observed defendant with an imitation pistol in his waistband; that defendant
stated "I only carry it because I was robbed on Marion"; that the pistol could reasonably be
perceived to be an actual firearm in that "the entire exterior surface was black in color," it was
loaded with a removable magazine, and "it feature[d] a magazine release, a trigger, a trigger
guard, and the barrel ... was open and not enclosed by any material." These allegations were
sufficient to provide defendant with notice to prepare a defense and are adequately detailed to
prevent him from being tried twice for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]). Furthermore, by
pleading guilty, defendant waived his claims concerning nonjurisdictional defects in the
accusatory instrument (see People v Taylor, 65 NY2d 1, 5 [1985]), including the error in
the date of the officer's verification (see
e.g. People v Martin, 155 AD3d 589 [2017], lv denied 30 NY3d 1117 [2018]; People v Johnson-McLean, 71 Misc 3d
31 [App Term, 1st Dept 2021], lv denied 37 NY3d 966 [2021]; People v Vargas, 55 Misc 3d
130[A], 2017 NY Slip Op 50387[U] [App Term, 1st Dept 2017], lv denied 29 NY3d
1088 [2017]).
Defendant's contention that his guilty plea was not voluntary, inasmuch as it was entered
[*2]only after the court set bail, is belied by the minutes of the
plea proceeding, which reflects that the plea was entered in a knowing, voluntary and intelligent
manner (see People v Conceicao, 26
NY3d 375 [2015]). Defendant, who was considered a flight risk due to a history of
nonappearance, does not contend that the setting of bail was improper or unwarranted by the
circumstances, and there is no indication that the bail conditions were being used to unduly
persuade defendant to plead guilty (cf.
People v Grant, 61 AD3d 177, 184 [2009]; see People v Siders, 123 AD3d 408 [2014], lv denied 26
NY3d 935 [2015]; People v
Gannon, 62 Misc 3d 138[A], 2019 NY Slip Op 50044[U] [App Term, 1st Dept 2019],
lv denied 33 NY3d 948 [2019]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: May 18, 2022