People v Perry (2023 NY Slip Op 50428(U))

[*1]

People v Perry (Shaheem)

2023 NY Slip Op 50428(U) [78 Misc 3d 132(A)]

Decided on May 10, 2023

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 10, 2023
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, Michael, JJ.

570329/18

The People of the State of New
York, Respondent,
against
Shaheem Perry,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Heidi C. Cesare, J.), rendered May 7, 2018, convicting him, upon a
plea of guilty, of public lewdness, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered May 7, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is
assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid
because the factual allegations establish reasonable cause to believe that defendant
committed a lewd act in a public place (see Penal Law § 245.00). The
instrument - comprised of the misdemeanor complaint and a detailed supporting
deposition - alleges that on a specified date and time, defendant exposed his "naked and
erect penis" on a moving downtown number 3 train, and began masturbating. These
allegations supplied defendant "with sufficient notice of the charged crime to satisfy the
demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). The minor
discrepancy between the complaint and deposition regarding the precise location of the
moving train when the incident occurred was merely technical, not jurisdictional, and
defendant waived his objection thereto by entering his plea of guilty (see People v
Taylor, 65 NY2d 1, 5 [1985]; People v Iannone, 45 NY2d 589,
600—601 [1978]; People
v Martin, 155 AD3d 589 [2017], lv denied 30 NY3d 1117 [2018]; People v Johnson-McLean, 71
Misc 3d 31 [App Term, 1st Dept 2021], lv denied 37 NY3d 966 [2021]; People v Vargas, 55 Misc 3d
130[A], 2017 NY Slip Op 50387[U] [App Term, 1st Dept 2017], lv denied
29 NY3d 1088 [2017]).
In light of our conclusion that the accusatory instrument was jurisdictionally
sufficient, the Court of Appeals' holding in People v Hardy (35 NY3d 466 [2020]) that informations
and complaints cannot be amended to correct erroneous facts does not warrant a contrary
result. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 10, 2023