People v Abate (2024 NY Slip Op 24023)

[*1]

People v Abate

2024 NY Slip Op 24023

Decided on January 26, 2024

Justice Court Of The Town Of New Scotland, Albany County

Wukitsch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 26, 2024
Justice Court of the Town of New Scotland, Albany County

People of the State of New York,

against
Vito Abate, Defendant.

File No. 23080012

For the People:
Hon. P. David Soares, Albany County District Attorney
Erin LaValley, Esq., Assistant District Attorney
Albany County Judicial Center
6 Lodge Street
Albany, New York 12207
For the Defendant: 
Gerstenzang Law Firm
Benjamin D. Bucinell, Esq.
Attorney for Defendant
210 Great Oaks Boulevard
Albany, New York 12203

David J. Wukitsch, J.

In this prosecution for the misdemeanor of driving while intoxicated, defendant Vito Abate (hereinafter "defendant") was issued simplified traffic information and supporting depositions/ bill of particulars charging him with violations of New York Vehicle and Traffic Law §§ 1192 and 1193. The simplified traffic information list the time of the incident as August 17, 2023 at 12:28 am. The supporting deposition indicates that the time of the incident was August 16, 2023 at 23:52 (11:52 pm), a 36-minute discrepancy. Citing People v. Hardy (35 NY3d 466 [2020]), defendant contends that due to the discrepancy concerning the time of the incident the accusatory instruments are legally insufficient and must be dismissed. According to defendant, the only way to correct the error to is to file a superseding information, and therefore the People's certificate of readiness filed on November 13, 2023 is invalid. Defendant also contends that the simplified traffic information served upon him is legally insufficient because [*2]the arresting officer failed to sign the affirmation on said information. The People oppose the motion to dismiss for legal insufficiency.[FN1]

A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution (People v Dumay, 23 NY3d 518, 522 [2014]; People v Case, 42 NY2d 98, 99 [1977]). A charging instrument must contain two parts: an accusatory part and a factual part (CPL § 100.15 [1]; Case, 42 NY2d at 99-100). The accusatory part "must designate the offense or offenses charged" (CPL § 100.15[2]). The factual section must allege "facts of an evidentiary character supporting or tending to support the charges" (CPL § 100.15 [3]) and "provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part" (CPL§ 100.40 [1][b]). The non-hearsay factual allegations must "establish, if true, every element of the offense charged and defendant's commission thereof" (CPL § 100.40[1][c]), the "prima facie case requirement" (People v. Kalin, 12 NY3d 225, 229 [2009]). As stated in People v. Kalin: "[a] prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt required at trial; nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss at trial" (id. at 230). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]).
In the instant case, the simplified traffic information and supporting deposition allege that late on August 16, 2023, defendant was observed sitting in the driver's seat of his motor vehicle with the keys in the ignition and the engine warm and running. Upon approaching and interacting with the defendant, Trooper M. J. Slayton observed the defendant to have glassy eyes, impaired speech, impaired motor coordination and emanated an odor of alcohol. Additionally, the defendant was unable to stand alone and fell over while seated on a picnic table seat. When questioned, he admitted to having "2 maybe 3" beers. Thereafter, defendant was administered a blood/alcohol test and registered a .08 BAC.
A person is guilty of driving while intoxicated in violation of VTL § 1192 [2] when he/she ". . . operate[s] a motor vehicle while such person has .08 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article." For the second charged offense, a person is guilty of driving while intoxicated in violation of VTL § 1193 when he/she "operate[s] a motor vehicle while in an intoxicated condition."
Here, the accusatory instruments set forth the elements of the charged offenses. It is alleged that late on August 16, 2023, in the County of Albany, Town of New Scotland defendant operated a motor vehicle in an intoxicated condition and with a blood alcohol content of .08 of one per centum or more by weight of alcohol in his blood. The issue is whether the discrepancy regarding the time of the incident as set forth on the simplified traffic information (8/17 at 12:28 am) and the supporting deposition/bill of particulars (8/16 at 23:52-11:52 PM) renders the charges legally insufficient under People v Hardy (35 NY3d 466). Defendant maintains that [*3]under Hardy the incorrect time on the simplified traffic information in the space listed for "time of incident" is an incurable defect.
In Hardy, the defendant was charged in a January 2015 complaint with engaging in conduct on or about October 25, 2015 that violated a two-year order of protection issued on September 10, 2013. The date of the crime as alleged in Hardy thus took place nine months in the future which was "patently incorrect" and "also fell after the expiration of the order of protection, meaning that the accusatory instrument facially failed to state facts showing a violation of the order of protection" (Hardy, 35 NY3d at 469). Thus, the accusatory instrument failed to state a crime, which was deemed a "fundamental defect" that only be cured through amendment (id. at 475). Where a "fundamental defect" is present, the court reasoned that, under the CPL, the factual part of the misdemeanor complaint or information could not be amended by a motion, but instead required a superseding accusatory instrument (id. at 471-475). Notably, the People in Hardy conceded that the accusatory instrument was facially insufficient and that the defendant could not have been prosecuted on it (id. at 470). And despite some of its very broad language, the court in Hardy noted and ultimately concluded that the typographical error present there constituted a fundamental jurisdictional defect because it negated an element of the alleged crime of criminal contempt (Hardy at 475-476).
In this case, the charging instruments (simplified traffic information) and supporting depositions/bill of particulars allege that the offense occurred on August 17, 2023, at 12:28 am; however, the supporting deposition alleges that the offense occurred on August 16, 2023 at 23:52 (11:52 pm). In other words, there is a 36-minute discrepancy between the accusatory instrument and the supporting deposition. In the court's view a typographical error as to the time of the incident as present here, is not facially defective and no amendment is necessary to salvage it. Under Hardy the court is instructed to determine whether the accusatory instruments standing alone (but including supporting declarations appended thereto) allege the elements of the charged crime (Hardy at 474 [". . . in evaluating the sufficiency of an accusatory we do not look beyond its four corners (including supporting declarations appended thereto)"].[FN2]
Here, the accusatory instruments meet that test.
Unlike Hardy, the People here do not concede that the accusatory instrument is jurisdictionally defective; rather, they allege that the simplified traffic information (and supporting deposition/DWI bill of particulars) did in fact allege all the elements of a crime; therefore, no amendment to the charges are needed to salvage them. This is a critical distinction. In Hardy, the defendant could not be prosecuted on the accusatory instrument because the date of the crime as alleged took place nine months in the future which was "patently incorrect" and fell at a time after the expiration of the order of protection the People claimed had been violated. Here, defendant may be prosecuted on the simplified traffic information alleging he operated a motor vehicle in an intoxicated condition regardless of whether the incident occurred on August 17, 2023 at 12:28 am or 36 minutes earlier on August 16 at 11:52 pm.
Where the accusatory instrument sets forth all of the elements of the charged crime, a [*4]minor discrepancy as to the time of the incident does not require an amendment to render the charge facially sufficient (People v. Baez, NY Slip Op 50929 [2023] [accusatory instrument held facially sufficient in charging a crime even though it alleges the charged offenses occurred on January 25, 2023 rather than the actual date of December 31, 2022]; People v. Perry, 78 Misc 3d 132 (A) [App Term, 1st Dept 2023] [minor discrepancy between the complaint and the supporting deposition regarding the precise location of the moving train when the defendant committed the alleged lewd conduct was merely technical, not jurisdictional, and did not implicate Hardy]; People v. Rodriquez, 74 Misc 3d 133 (A) [App. Term 1st Dept. 2022] [typographical error in the date of the incident on the supporting deposition is not a jurisdictional effect where the information alleges the elements of the charged offense]; People v. Johnson-McLean, 71 Misc 3d 31, 35 [App Term, 1st Dept 2021] [complainant's correction of the misspelling of her name in the supporting deposition, which conflicted with the spelling in the accusatory instrument was not a facial insufficiency under Hardy]; People v. Minott, 70 Misc 3d 1217 (A) [Crim Ct. NY Cty. 2021] [information's reference to "Chatham Street," which does not exist, rather than "Chatham Square," which does exist at the intersection identified as the scene of the incident did not negate an element of the offense or deprive the defendant of sufficient notice to prepare a defense]).
From the standpoint of fundamental due process and double jeopardy concerns, the simplified traffic information and supporting depositions in this case afforded the defendant sufficient notice of the charged crimes. "The determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant must be on an ad hoc basis by considering all relevant circumstances" (People v. Morris, 61 NY2d 290, 295 [1984]).
Here it is evident from the supporting deposition/bill of particulars that the date and time of the incident was August 16, 2023 at 23:52 (11:52 pm). It is also evident from a review of the accusatory instrument and supporting deposition together that the simplified traffic information references the time of the arrest as the "time of incident" given that the arrest could not possibly have preceded the incident. This typographical error could not possibly mislead the defendant as to the nature of the charges or prevent him from preparing a defense (People v. Casey at 360). Moreover, since the date and time of the offense is not a substantive element of the crime charged, then the accusatory instrument need not give an exact date and time, but only an approximation (People v. Morris, 61 NY2d at 295 [1984]; see also People v. Sedlock, 8 NY3d 535, 538 [2007]).
"The determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant must be on an ad hoc basis by considering all the relevant circumstances" (Morris, 61 NY2d at 295). The allegation in the simplified traffic information that the incident occurred on August 17, 2023 at 12:28 am is reasonably close to the correct date and time of August 16, 2023 at 23:52 (11:52 pm) that it could not impair the ability of the defendant to investigate and to prepare a defense.
Defendant also contends that the simplified traffic information is insufficient as a matter of law because it does not contain an officer's signature, electronic or written, in the section affirming the truth of the allegations under penalty of perjury.
As noted by the state's highest court, "[t]he simplified information is a statutory creation designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used. It need not provide on its face reasonable cause to believe defendant has committed the offense "(People v. Nuccio, 78 NY2d 102, 104 [*5][1991]). The simplified does not contain factual allegations of an evidentiary character supporting such charge (CPL § 100.10 [2] [a]). Moreover, unlike a misdemeanor or felony complaint, a simplified information is not a "verified written accusation" (CPL §§ 100.10 [3], 100.10 [4] and 100.10 [5]). In this case and cases like it, the supporting deposition/DWI bill of particulars provides the sworn factual allegations to support the charge.
The signature requirement that the defendant relies upon stems from statute and the DMV commissioner's regulations. CPL § 100.25 (1) provides that a simplified information must be ". . . substantially in the form prescribed by the commissioner of motor vehicles. . ." The commissioner's regulations at 15 NYCRR 91.18 provide that "an officer shall sign and print his name on Part I of the packet," and that "[s]uch signature constitutes the affirmation of the information under penalty of perjury." The arresting officer's signature on a uniform traffic ticket "constitutes the affirmation of the information under penalty of perjury" (15 NYCRR § 91.18). Of relevance here, the commissioner permits electronic ticketing (15 NYCRR § 91.21). The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand" (State Technology Law § 304).
Ignored by the defendant in his analysis is the fact that the simplified information in question appears to be in the form of an e-ticket. Unlike the traditional uniform traffic ticket or simplified traffic information, the e-ticket substantially conforms to the traditional UTT paper ticket (15 NYCRR § 91.21 [c]), but with some important differences. Obviously, the e-ticket is not filled out by hand but is generated from the computer in the trooper's car, and the signature too is not a hand signature, but a computer generated one. There is also precedent which indicates that the officer's electronic signature on the e-ticket is affixed before any other information regarding the traffic stop is placed on the ticket (People v. Rose, 11 Misc 3d 200, 207 [Rochester City Ct. 2005]). Therefore, in the case of e-tickets the arresting officer would be affirming nothing regarding the offense committed or the motorist because none of the information is entered on the e-ticket until after it is electronically signed (id. at pp. 207-208).
Even if the signature was affixed after the information regarding the motorist, vehicle and offense is placed on the e-ticket, the e-ticket sets forth information regarding the motorist's name, address, date of birth, location of offense, vehicle identification and the specific charge. Most of the same information is repeated on the supporting deposition/DWI bill of particulars, which also contains factual allegations of an evidentiary character supporting the DWI charge. Notably, the defendant does not allege that the supporting deposition/DWI bill of particulars lacks the officer's signature affirming the truth of the allegations set forth therein.
Here, the defendant attaches an unsigned version of the simplified information to his motion. However, as pointed out by the People, the officer's copy of simplified traffic establishes that Trooper M.J. Slayton #5595 electronically signed the simplify information (People's Exhibit 1 to Affirmation in Opposition). There appear to be different versions of the simplified information, some appear to be signed and others unsigned. The court cannot on this record reach a determination because there are disputed issue of fact regarding the Trooper's signature on the uniform traffic ticket. These issues may only be resolved at an evidentiary hearing addressing when, and if, an electronic signature was placed on the simplified traffic information by the arresting law enforcement officer and the legal significance to be accorded that fact. Based on the foregoing, it is hereby
ORDERED, that the court grants a hearing to be held on March 7, 2023 at 5:00 pm to resolve that portion of the defendant's motion claiming that the simplified traffic information is [*6]facially insufficient due to the absence of the Trooper's signature affirming the truth of the allegations contained therein and it is further
ORDERED, that otherwise defendant's motion seeking dismissal of the accusatory instruments as facially insufficient is in all respects denied.
Dated: January 26, 2024
David J. Wukitsch, Town Justice
Papers Considered:
1. Notice of Motion and Supporting Affirmation dated 11/02/2023
2. People's Affirmation in Opposition dated 12/05/23
3. Defendant's Reply Affirmation dated 1/04/2024

Footnotes

Footnote 1:Defendant's motion sought other relief and hearings and the People and Defendant resolved that portion of the motion by stipulation on the record.

Footnote 2:Defendant incorrectly contends that in assessing the sufficiency of the charges the court is limited to the simplified traffic information and may not refer to other documents in the case file. Of course, the court may refer to the supporting depositions/DWI bill of particulars in making this determination.