People v Gurley (2024 NY Slip Op 51523(U))

[*1]

People v Gurley (Shatisha)

2024 NY Slip Op 51523(U)

Decided on November 11, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 11, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570210/19

 The People of the State of New York, Respondent, 
against
Shatisha Gurley, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anne J. Swern, J.), rendered February 28, 2019, convicting her, upon her plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Anne J. Swern, J.), rendered February 28, 2019, affirmed.
Since the defendant knowingly waived her right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]). So viewed, the complaint was jurisdictionally valid because it described facts establishing reasonable cause to believe that defendant was guilty, at a minimum, of harassment in the second degree (see Penal Law § 240.26). Contrary to defendant's contention, her intent to "harass, annoy or alarm another person" was readily inferable from allegations that she "slap[ped]" the complainant "about the face with an open hand causing redness and lacerations to his face" (see People v Hernandez, 123 AD3d 615 [2014], lv denied 25 NY3d 1165 [2015]). 
In any event, the only relief defendant requests is a dismissal of the accusatory instrument, and she expressly requests that this Court affirm her conviction if it does not grant a dismissal. Since dismissal is not warranted, we affirm on this basis as well (see People v Conceicao, 26 NY3d 375, 385 n [2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 11, 2024