People v Crisostomo (2025 NY Slip Op 50557(U))

[*1]

People v Crisostomo (Jose)

2025 NY Slip Op 50557(U) [85 Misc 3d 139(A)]

Decided on April 21, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through April 21, 2025;
it will not be published in the printed Official Reports.

Decided on April 21, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570661/18

The People of the State of New
York, Respondent,

against

Jose Luis Crisostomo,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Laurie Peterson, J.), rendered October 25, 2017, convicting him,
upon his plea of guilty, of sexual abuse in the third degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Laurie Peterson, J.), rendered October 25, 2017,
affirmed.

In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid
because it described facts of an evidentiary nature establishing reasonable cause to
believe that defendant was guilty of sexual abuse in the third degree (see Penal
Law § 130.55). The instrument recited that an officer observed defendant "reach out
with his arm and place his fingers on [a plainclothes officer's] inner thigh near [her]
crotch and rub his finger up and down [her] thigh" while inside a subway car; that
defendant repeated this conduct after the plainclothes officer "move[d] away from the
defendant" and that defendant "did not have permission or authority to touch" the officer.
These allegations were sufficient to support the inference that defendant acted for the
purpose of sexual gratification (see People v Bookard, 167 AD3d 424 [2018], lv denied
32 NY3d 1169 [2019]; see
also People v Hatton, 26 NY3d 364, 370 [2015]; People v Guaman, 22 NY3d
678, 681-684 [2014]).

By pleading guilty, defendant waived his claim concerning nonjurisdictional defects
in the accusatory instrument (see People v Taylor, 65 NY2d 1, 5 [1985]),
including the error in the date that the complaint was executed (see People v Garcia, 75 Misc
3d 129[A], 2022 NY Slip Op 50403[U] [App Term, 1st Dept 2022], lv denied
38 NY3d 1133 [2022]; People v Rodriguez, 74 Misc 3d 133[A], 2022 NY Slip Op
50261[U] [App Term, 1st Dept 2022], lv denied 38 NY3d 1136 [2022]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 21, 2025