People v Martinez (2025 NY Slip Op 51779(U))

[*1]

People v Martinez

2025 NY Slip Op 51779(U)

Decided on November 12, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 12, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Richard Martinez, Defendant.

Docket No. CR-030016-25BX

For the Defendant
Robert Gross
For the People 
Bronx ADA David Abrakhaimov

David L. Goodwin, J.

The accusatory instrument charging defendant Richard Martinez with resisting arrest (P.L. § 205.30), second-degree obstructing governmental administration (P.L. § 195.05(1)), and two counts of second-degree harassment (P.L. § 240.26(1)) generally reflected the first-party observations of Officer Burke. But there was one notable exception: in a closing sentence, Officer Burke related that he had been told by another officer that Martinez's alleged misconduct had caused the other officer to feel annoyance, alarm, and fear. 
Because no supporting deposition has been filed, the issue is whether this stray hearsay statement prevented the accusatory instrument from being a misdemeanor information, under which this prosecution can proceed to trial, instead of a misdemeanor complaint, under which it cannot (absent waiver of the right to prosecution by information).
As explained below, the stray hearsay statement did not the prevent the accusatory instrument from being an information. The effect of Martinez's alleged misconduct on the other officer did not directly relate to any of the elements of the charged offenses.
Thus, at arraignment, the instrument was deemed to be an information. This short memorandum expands on why.
I.
According to the accusatory instrument, Officer Burke encountered Martinez sleeping on a train platform. Officer Burke asked for Martinez's name, looked him up, and allegedly discovered open warrants.
Officer Burke tried to handcuff Martinez, who began to behave erratically—throwing himself on the ground, tensing his legs, and eventually refusing to get out of the patrol vehicle at [*2]the precinct. Martinez also allegedly spat several times at both Officer Burke and another officer, Officer Sylvestre, striking Burke on the face and neck and Sylvestre on the shirt.
The accusatory instrument, which was narrated by Officer Burke as the deponent, concluded by describing the effects of Martinez's alleged misconduct:
Deponent further states that as a result of defendant's aforementioned conduct, deponent experienced annoyance, alarm and fear for his physical safety.
. . .
Deponent is informed by PO SYLVESTRE that as a result of defendant's aforementioned conduct, informant experienced annoyance, alarm and fear for his physical safety.
Accusatory Instrument at 2 (emphasis added).

 II.
The issue is whether the accusatory instrument was a misdemeanor complaint or a misdemeanor information. Although a misdemeanor complaint can be used to commence a misdemeanor case, the prosecution cannot proceed (absent a waiver) unless the misdemeanor complaint is replaced by, or is otherwise deemed to be, a misdemeanor information. See C.P.L. §§ 100.10(4), 170.65(1); People v. Slade, 37 NY3d 127, 136 (2021).
The difference between the two instruments is that a misdemeanor complaint can contain hearsay, while a misdemeanor information cannot. People v. Fernandez, 20 NY3d 44, 50 (2012). In this context, "hearsay" means allegations or statements that are (1) being used for their truth and (2) are not based on the firsthand knowledge of the person swearing out the instrument, who is instead passing along information from another source. See Slade, 37 NY at 140.
Following from the above, the presence of hearsay ordinarily prevents a misdemeanor accusatory instrument from being deemed an information. For the instrument to be converted, the hearsay must be either eliminated, such as through a new accusatory instrument, or "cured" via a supporting deposition or other document that provides verified, firsthand personal knowledge to replace the secondhand hearsay statement. See People v. Johnson-McLean, 71 Misc 3d 31, 37 (App. Term, 1st Dept. 2021); People v. Kim, 82 Misc 3d 1249(A), 2024 NY Slip Op. 50579(U), at *1 (N.Y.C. Crim. Ct., Queens Co. 2024) (Licitra, J.) (observing that the People can file a supporting deposition or "a wholly new accusatory instrument that meets the requirements of an information," and that "[e]ither method] cures the hearsay" of the initial instrument).
But not all hearsay prevents an instrument from being an information instead of a complaint. In defining a facially sufficient misdemeanor information, the Criminal Procedure Law requires that the "element[s] of the offense[s] charged" and "the defendant's commission thereof" be supported by "non-hearsay allegations." C.P.L. §§ 100.15(3), 100.40(1)(c). By extension, and as various courts have recognized, uncured hearsay that is not relevant to an [*3]element of the offense, or which is superfluous, presents no barrier to converting a complaint into an information. See, e.g., People v. Brito, 61 Misc 3d 1208(A), 2018 NY Slip Op. 51405(U), at *1 n.1 (N.Y.C. Crim. Ct., Kings Co. 2018) (Perlmutter, J.); People v. Abney, 49 Misc 3d 1212(A), 2015 NY Slip Op. 51584(U) (N.Y.C. Crim. Ct., NY Co. 2015) (Statsinger, J.) (concluding that the People were "free" to allege a non-element of the offense through hearsay); see also People v. Kelly, 39 Misc 3d 137(A), 2012 NY Slip Op. 52464(U), at *1 (App. Term, 9th & 10th Jud. Dists. 2012) ("superfluous" hearsay in a supporting deposition did not prevent conversion).

III.
This accusatory instrument contained an unambiguous hearsay statement: Officer Sylvestre's claim, relayed through Officer Burke, that Martinez's actions had caused annoyance, alarm, and fear. Officer Burke had no firsthand knowledge of these effects, and was instead simply relating what Officer Sylvestre had said. See Slade, 37 NY at 140. So if Officer Sylvestre's claim were necessary to support an element of any of the charged offenses, its status as hearsay would prevent conversion. Here, however, it was not relevant to any of the elements and, as a result, did not prevent conversion.
Neither resisting arrest nor obstructing governmental administration requires that a person cause annoyance, alarm, and fear. See P.L. §§ 195.05(1), 205.30. That Martinez allegedly did so is irrelevant to those charges.
Nor was Officer Sylvestre's reaction directly relevant to the harassment charge. Accusatory instruments in harassment cases often recite that the defendant caused the complaining witness to feel fear, annoyance, or alarm.[FN1]
 But second-degree harassment under the charged subsection, P.L. § 240.26(1), requires only the intent "to harass, annoy or alarm" by subjecting another person to actual, attempted, or threatened physical contact—not that any of those mental states actually resulted. Compare with P.L. § 240.26(3) (reaching a "course of conduct" that actually causes "alarm" or "seriously annoy[s]" the complaining witness). The CJI jury charge for this kind of second-degree harassment confirms there is no requirement that the defendant's conduct led to those states. See CJI, Harassment in the Second Degree, at 2, 
https://www.nycourts.gov/judges/cji/2-PenalLaw/240/240-26.pdf.
Meanwhile, intent is ordinarily inferred from a person's conduct and the surrounding circumstances, which need not depend on the actual outcome of the conduct. See People v. Hatton, 26 NY3d 364, 370 (2015). That is the case here. See, e.g., People v. Gurley, 84 Misc 3d 128(A), 2024 NY Slip Op. 51523(U), at *1 (App. Term, 1st Dept. 2024) (concluding that intent to harass was "readily inferable" from allegations that the defendant slapped the complainant). So even if the impact of Martinez's conduct on Officer Sylvestre were relevant to an overall portrait of Martinez's intent, the hearsay statement would not be essential on these facts.

 * * *
In sum, the hearsay statement from Officer Sylvestre did not directly pertain to the elements of the charged counts, and thus did not stand in the way of deeming the accusatory instrument to be an information. That does not, of course, mean the instrument is otherwise defect-free; it simply means that it is an information and not a complaint. Nor does anything about this decision on conversion prevent the People from filing a cautionary supporting deposition if they so choose.
The matter remains adjourned for discovery compliance on January 8, 2026.
Dated: November 12, 2025
Bronx, NY
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1: This may be because third-degree menacing, which is often charged alongside harassment, requires that a person be placed in "fear" of physical injury or worse. P.L. § 120.15.